UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, </br></br>          Plaintiff,</br></br>          v.</br></br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,</br></br>          Defendants. | Civil No. 1:06cv01912 (RMU) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND
MOTION FOR EXTENSION OF TIME**

Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") hereby opposes the second motion for an extension of time to respond to plaintiff's complaint filed by the U.S. Department of Homeland Security ("DHS").  As grounds for its opposition, plaintiff states as follows.

This case concerns a complaint CREW filed on November 9, 2006, against DHS and Allen Weinstein in his official capacity as Archivist of the United States.  CREW's complaint was based on DHS's failure to fulfill plaintiff's request, made under the Freedom of Information Act ("FOIA"), for documents relating to any visits that specified individuals made to the White House or the residence of the vice president between January 1, 2001, to the present.  Complaint, ¶1.  The complaint also alleges that DHS's record-keeping guidelines and directives are arbitrary, capricious, and contrary to the Federal Records Act ("FRA") because they fail to ensure preservation of all Worker and Visitor Entry System ("WAVES") records and other visitor records.  Id. at ¶2.  Plaintiff seeks declaratory and injunctive relief, including an

injunction requiring the Archivist to fulfill his mandatory statutory duty to notify Congress and to request the Attorney General to initial legal action to ensure that DHS complies fully with its obligations under the FRA and to ensure the recovery of copies of WAVES and other visitor records that the Secret Service, a component of DHS, has transferred to the White House after deleting the agency's copies.  Id.

This complaint was assigned to this Court as a related case to The Washington Post v. Dep't of Homeland Security, Civil No. 06-1737 (RMU).  The Washington Post also involved a request of the Secret Service for specified records of visits to the Office of the Vice President.  At the time CREW filed its complaint, The Washington Post was before the U.S. Court of Appeals for the D.C. Circuit based on the government's appeal of this Court's entry of a preliminary injunction, and CREW had also filed suit against DHS based on another FOIA request for Secret Service visitor records, CREW v. U.S. Dep't of Homeland Security, Civil No. 06-0083 (JGP) ("CREW v. DHS").[1]

On December 1, 2006, defendants sought an extension of time to respond to the FOIA count in this case, asking that their time be extended to coincide with the answer date for the non-FOIA counts, or January 12, 2007.  The Court granted the request, which gave the government a total of 60 days in which to respond to CREW's complaint.

Now, days before that deadline, the government is seeking yet another extension of three weeks, or until February 2, 2007, to respond to the Complaint.  If defendants are granted this extension, DHS would have a full 81 days in which to respond to CREW's FOIA claims.

---

[1] When CREW filed its complaint here it filed a related case designation noting the pendency of both cases.

According to the government, it needs the additional time because it is preparing a summary judgment motion that will require "a significant degree of coordination between the Secret Service and the White House and OVP." Defendants' Motion for Extension of Time and Memorandum of Points and Authorities in Support Thereof (Ds' 2nd Mem."), p. 2. In particular, the government alleges that it needs more time "to prepare the necessary declaration or declarations." Id.

The government's second request for an extension is not justified and should be denied. The issues raised in CREW's complaint already have been well developed; in The Washington Post case alone the government has filed multiple briefs both before this Court and the D.C. Circuit that included multiple declarations from individuals within the White House and the Secret Service.[2] Likewise, the government has filed dispositive motions on the merits of CREW's claims in CREW v. DHS that included multiple declarations. Simply stated, the government has had ample time to prepare a response and has been aided by the significant labors of numerous other government attorneys.

Moreover, CREW and the public will be harmed by any further delay. At the heart of the complaint is the concern that, absent judicial interference, the defendants will continue their unlawful policy of destroying agency records. Just as troubling is the apparent policy of DHS to treat all of their records of White House visits as not subject to the FOIA, thereby depriving CREW and the public of a valuable piece of historical evidence.[3]

---

[2] Today *The Washington Post*, with the consent of the government, filed a voluntary dismissal of its action.

[3] This "apparent" policy is based on the position DHS has taken in The Washington Post. Here, by contrast, the government has not responded in any way to CREW's request for

Finally, CREW is troubled by the government's stated need for more time, specifically the need to coordinate with the White House and OVP. Ds' 2nd Mem. at 2. In the past, such coordination has produced a Memorandum of Understanding executed between the White House and the Secret Service on May 17, 2006, in the midst of multiple litigations over the very issue of the status of the Secret Service visitor records, and not produced for this Court until months after its execution when the government was seeking a stay of this Court's order in The Washington Post pending appellate review. This raises at least the question of whether the Secret Service and the White House are improperly colluding to avoid making this information public. Too much has occurred behind closed doors, with an insufficient opportunity for public and judicial review. Rather than give the government yet another extension to refine what are already well-formulated positions, the Court should deny the defendants' motion for a second extension and order them to answer the complaint by January 12, 2007.

## CONCLUSION

For the foregoing reasons, defendants' second motion for an extension of time to respond to the complaint should be denied.

Respectfully submitted,

    /s/
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
 In Washington

---

documents and CREW's pre-filing efforts to ascertain the status of its FOIA request were met with an express and outright refusal by the Secret Service to disclose any information, based on specific instructions DHS personnel were given. See Complaint, ¶31.

                                                1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated: January 8, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al., )<br>)<br>Defendants. ) | Civil No. 1:06cv01912 (RMU) |

**[PROPOSED] ORDER**

The Court having considered defendants' second motion for an extension of time to respond to plaintiff's complaint, plaintiff's opposition thereto, and the entire record herein, it is hereby ORDERED that defendants' motion is DENIED. It is further ORDERED that defendants shall respond to the complaint on or before January 12, 2007.


Dated: _____            _____
                                                                                        RICARDO M. URBINA
                                                                                        United States District Judge