UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al., )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO.<br>1:06-cv-01912-RMU |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

The defendants, by their undersigned counsel, hereby answer plaintiff's Complaint as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over this action.

### SECOND DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff lacks standing to maintain some or all of the claims stated in the Complaint.

### FOURTH DEFENSE

Defendants answer the numbered paragraphs of plaintiff's Complaint as follows, in correspondingly numbered paragraphs:

1. This paragraph sets forth plaintiff's characterization and summary of this action, to which no response by the defendants is required, and plaintiff's characterization of certain

statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents.

    2.  This paragraph sets forth plaintiff's characterization of the relief sought in this action, to which no response by the defendants is required.

## JURISDICTION AND VENUE

    3.  This paragraph sets forth plaintiff's conclusions of law regarding jurisdiction and venue, to which no response by the defendants is required.

## PARTIES

    4-5.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

    6.  Defendants admit the first line of this paragraph (through the words "in the past"). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

    7.  This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required, and plaintiff's characterizations of certain statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents.  Nevertheless, defendants specifically deny that they have failed to comply with the Freedom of Information Act ("FOIA").

    8.  This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required, and plaintiff's characterizations of certain statutory provisions and judicial precedent, to which the Court is respectfully referred for a full and accurate statement of their

contents. Nevertheless, defendants specifically deny that they have failed to comply with the Federal Records Act ("FRA").

    9-10. These paragraphs set forth plaintiff's conclusions of law, to which no response by the defendants is required, and plaintiff's characterizations of certain statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents. Nevertheless, defendants specifically deny that they have failed to fulfill any duty under the FRA.

    11. The first sentence of this paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, except to admit that the United States Secret Service is a component of the Department of Homeland Security and that the Secret Service currently has physical possession of certain records pertaining to visits to the White House Complex and the Vice President's Residence. Defendants specifically deny the allegation that they have "control" over all such records. Defendants deny the third sentence of this paragraph.

    12. Defendants admit the first, second, and third sentences of this paragraph. The fourth sentence sets forth plaintiff's characterizations and summaries of certain statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents.

**STATUTORY FRAMEWORK**

**The Freedom of Information Act**

    13-21. These paragraphs set forth plaintiff's characterizations and summaries of certain statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents.

**The Federal Records Act**

22-27.  These paragraphs set forth plaintiff's characterizations and summaries of certain statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents.

**ALLEGED FACTS PURPORTEDLY GIVING RISE
TO PLAINTIFF'S CLAIMS FOR RELIEF**

28-29.  Defendants admit that the Secret Service received a FOIA request from the plaintiff and that Exhibit A to plaintiff's Complaint is a copy of such request.  The remainder of these paragraphs set forth plaintiff's characterizations and summaries of the request, to which the Court is respectfully referred for a full and accurate statement of its contents.

30.  Defendants admit the allegations of this paragraph.

31.  Defendants deny the allegations of this paragraph.

32.  This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required, and plaintiff's characterizations of certain statutory provisions and judicial precedent, to which the Court is respectfully referred for a full and accurate statement of their contents.

33.  Defendants admit the first two lines of this paragraph.  The remainder of the first sentence of this paragraph sets forth plaintiff's characterization of the claims alleged in Judicial Watch v. United States Secret Service, Civil Action No. 1:06-cv-310- JGP (D.D.C.), which is pending in this Court, to whose docket the Court is respectfully referred for a full and accurate description of such claims.  Defendants admit the second sentence of this paragraph (with the

typographical point that "Freedom of Information and Privacy Acts Office" should read, instead, "Freedom of Information and Privacy Acts Officer").

34. The first of two and three-quarters lines of this paragraph (through the words "what she means by 'longstanding practice'") set forth plaintiff's characterizations and summaries of Exhibit B to the Complaint, to which the Court is respectfully referred for a full and accurate statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph.

35. This paragraph sets forth plaintiff's characterizations and summaries of Exhibit B to the Complaint, to which the Court is respectfully referred for a full and accurate statement of its contents.

36. This paragraph sets forth plaintiff's characterizations and summaries of Exhibit C to the Complaint, to which the Court is respectfully referred for a full and accurate statement of its contents.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except to admit that the Secret Service does currently possess certain WAVES data and records.

## PLAINTIFF'S CLAIMS FOR RELIEF

### PLAINTIFF'S CLAIM ONE

**(Alleged Failure to Produce Records Under the FOIA)**

**(Against Defendant DHS)**

38. Defendants incorporate by reference all preceding paragraphs.

39-41. These paragraphs set forth plaintiff's conclusions of law, to which no response by the defendants is required. Nevertheless, defendants specifically deny (1) that they have legal custody or control over all records pertaining to visits to the White House Complex and the Vice President's Residence, (2) that plaintiff is entitled to access to such records under FOIA, and (3) that defendants have violated FOIA.

## PLAINTIFF'S CLAIM TWO

**(Alleged Failure to Respond Under the FOIA)**

**(Against Defendant DHS)**

42. Defendants incorporate by reference all preceding paragraphs.

43. Defendants admit the first ten words of this paragraph (through the words "response from DHS"). The remainder of the paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.

44. This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required. Nevertheless, defendants specifically deny that they have violated FOIA.

## PLAINTIFF'S CLAIM THREE

**(Alleged Policy to Destroy Records Subject to the FRA)**

**(Against Defendant DHS)**

45. Defendants incorporate by reference all preceding paragraphs.

46. This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.

47-49. These paragraphs set forth plaintiff's conclusions of law, to which no response by the defendants is required. Nevertheless, defendants specifically deny that they have violated the Federal Records Act or the Administrative Procedure Act.

## PLAINTIFF'S CLAIM FOUR

### (Alleged Refusal to Take Enforcement Action)

### (Against Defendant Allen Weinstein))

50. Defendants incorporate by reference all preceding paragraphs.

51. This paragraph sets forth plaintiff's characterizations and summaries of certain statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents.

52-53. These paragraphs set forth plaintiff's conclusions of law, to which no response by the defendants is required. Nevertheless, defendants specifically deny that they have violated the Federal Records Act.

## PLAINTIFF'S PRAYER FOR RELIEF

This section of the Complaint sets forth plaintiff's prayer for relief, to which no response by the defendants is required. To the extent a response is deemed required, this section is denied.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

WHEREFORE, having fully answered, defendants pray that:

1. This Court enter judgment for defendants and dismiss this action with prejudice; and

    2.  Defendants be granted such further relief as this Court may deem just and proper.

Dated:  January 12, 2007

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        JEFFREY A. TAYLOR
        United States Attorney

        ELIZABETH J. SHAPIRO, D.C. Bar 418925
        Assistant Director

        _____
        W. SCOTT SIMPSON, Va. Bar 27487
        Senior Trial Counsel

        Attorneys, Department of Justice
        Civil Division, Room 7210
        Post Office Box 883
        Washington, D.C. 20044
        Telephone:  (202) 514-3495
        Facsimile:   (202) 616-8470
        E-mail: scott.simpson@usdoj.gov

        COUNSEL FOR DEFENDANTS