UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) Plaintiff, ) ) v. ) ) U.S. DEPARTMENT OF HOMELAND SECURITY, et al., ) ) ) Defendants. ) ) | Civil No. 1:06cv01912 (RBW) |

**PLAINTIFF'S REQUEST FOR RULE 26(f) CONFERENCE
AND SUPPORTING MEMORANDUM**

Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") hereby moves the Court to enter an Order requiring the parties to meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and LCvR16.3.[1]  As grounds for this motion CREW states as follows:

1.  CREW filed its complaint in this matter on November 9, 2006, against the U.S. Department of Homeland Security ("DHS") and Allen Weinstein, in his official capacity as Archivist of the United States.  The complaint challenges defendant DHS's failure to produce records in response to a request from CREW under the Freedom of Information Act ("FOIA") for documents relating to any visits that specified individuals made to the White House or the residence of the vice president between January 1, 2001, and the present.  Complaint, ¶ 1. CREW also challenges as contrary to law the policy of the Secret Service, a component of DHS,

---

[1] As of the time of this motion, counsel for the defendants has not responded to CREW's request regarding whether or not defendants oppose this motion.

to erase federal records once it has transferred the information to the White House, and the failure of the Archivist to take enforcement action to prevent the DHS from unlawfully destroying agency records. Id.

    2. On December 1, 2006, defendants sought a 30-day extension, until January 12, 2007, to respond to plaintiff's claims under the FOIA, arguing that such an extension would "promote efficiency and simplicity." Defendants' Motion for Partial Extension of Time and Memorandum of Points and Authorities in Support Thereof (Document 4), p. 1. Plaintiff did not oppose the motion, and it was granted by the Court on December 1, 2006.

    3. Thereafter, on January 8, 2007, defendants sought a second extension of time of an additional three weeks to respond to the Complaint. Despite the passage of months since the complaint was first filed, defendants claimed they needed additional time to coordinate their response with the White House and Office of the Vice President ("OVP"). Defendants' Motion for Extension of Time and Memorandum of Points and Authorities in Support Thereof (Document 5), ¶ 3. Defendants also indicated their intent to file a motion for summary judgment on the FOIA claims. Id., ¶ 4.

    4. Plaintiff opposed this second request for an extension of time, arguing that defendants had not justified their need for a full 81 days to respond to the complaint, particularly given that the issues raised in the complaint have already been well developed in other litigation. Plaintiff's Opposition to Defendant's Second Motion for Extension of Time (Document 7), p. 3. Plaintiff also pointed out that it would be harmed by any further delay because absent judicial interference, the defendants will continue their unlawful policy of destroying agency records. Id. In addition, defendants' stated reason for seeking a second extension -- the need to coordinate

with the White House and OVP -- raised a question of possible improper collusion, particularly given that such coordination had already produced a Memorandum of Understanding that attempted to resolve privately an issue that was very much in dispute and the subject of then-pending litigation. Id. at 4.

5. When the Court failed to act on defendants' motion, defendants filed an answer to the complaint on January 12, 2007, as previously ordered by the Court.

6. On January 16, 2007, Anne L. Weismann, counsel for CREW, contacted Scott Simpson, counsel for the defendants, in an attempt to schedule a Rule 26(f) conference. Mr. Simpson refused to do so in advance of a court order, and stated defendants' belief that they need not make initial disclosures. Declaration of Anne L. Weismann, ¶ 2. In addition, Mr. Simpson stated that the issues in the case are purely legal issues, namely whether the records CREW is seeking are agency records, and that defendants would shortly be filing a summary judgment motion. Id. at ¶ 3. Ms. Weismann noted her disagreement with this assessment, pointing out that under the governing law in the D.C. Circuit, the question of whether records are agency records is a factual one. Id. Mr. Simpson nevertheless refused to participate in a Rule 26(f) conference. Id. at ¶ 4.

7. Plaintiff submits that the Court and the parties would be well-served by a timely Rule 26(f) conference. As Rule 26(f) and LCvR 16.3 clearly contemplate, such a conference would assist the Court in establishing the best course for this case, taking into account the needs of all the parties, the proper role of discovery, and the role that initial disclosures can play to advance the issues for resolution. There is a particularly acute need here to establish prompt deadlines for initial disclosures and discovery, given that the conduct at issue includes allegations of improper

agency destruction of documents.

8. Moreover, the government has demonstrated in the past a propensity to manufacture new "evidence" to bolster its claim that the kind of documents CREW is seeking here under the FOIA are not agency records. On October 25, 2006, in another FOIA case involving a request for visitor records to the White House, The Washington Post v. U.S. Dep't of Homeland Security, No. 06-1737 (D.D.C.), DHS sought a stay from the district court's grant of a preliminary injunction. In support of its stay request, DHS included a copy of a Memorandum of Understanding ("MOU") that the Secret Service and the White House Office of Records Management had entered on May 17, 2006, that purports to transform White House visitor records into presidential records. See Complaint, Exhibit C. Although the status of these records had already been litigated before the district court, the government withheld the MOU from the court until it received an adverse ruling. Even more troubling, the Secret Service and the White House entered the MOU while there were numerous pending FOIA requests for White House visitor records that were already the subject of litigation.

9. As this course of conduct illustrates, left unchecked, the government may continue to create new evidence in an effort to strengthen its legal position. Establishing a litigation plan for this case under Rule 26(f) and LCvR 16.3 will avoid this possibility, especially if plaintiff is accorded appropriate discovery to ascertain what other secret agreements the defendants have reached that bear on the status of the records at issue here.

## CONCLUSION

Wherefore, for the foregoing reasons, plaintiff respectfully requests that the Court order the parties to meet and confer, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and

Case 1:06-cv-01912-RCL    Document 10    Filed 01/25/2007    Page 5 of 5

LCvR 16.3.

                                        Respectfully submitted,

                                        ____/s/_____
                                        Anne L. Weismann
                                        (D.C. Bar No. 298190)
                                        Melanie Sloan
                                        (D.C. Bar No. 434584)
                                        Citizens for Responsibility and Ethics
                                         In Washington
                                        1400 Eye Street, N.W., Suite 450
                                        Washington, D.C.  20005
                                        Phone: (202) 408-5565
                                        Fax: (202) 588-5020

                                        Attorneys for Plaintiff

Dated:  January 25, 2007

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>        Defendants. | Civil No. 1:06cv01912 (RBW) |

**DECLARATION OF ANNE L. WEISMANN**

I Anne L. Weismann hereby declare as follows:

1. I am Chief Counsel for Citizens for Responsibility and Ethics in Washington ("CREW"). I have held this position since March 2005.

2. On January 16, 2007, I contacted Scott Simpson, counsel for the defendants in the above-captioned action, for the purpose of scheduling a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Mr. Simpson refused to hold such a conference in advance of a court order compelling the parties to do so and stated defendants' belief that they need not make initial disclosures.

3. Mr. Simpson also stated that defendants would shortly be filing a summary judgment motion on what he stated was a purely legal issue of whether the records CREW is requesting under the Freedom of Information Act ("FOIA") are agency records. I advised Mr. Simpson of CREW's disagreement with this assessment, particularly in light of the governing case law in the D.C. Circuit that makes the agency record question turn on facts.

4. Defendants refused to attend a Rule 26(f) conference and stated they would not agree to meet and discuss the issues required by Rule 26)(f) and LCvR 16.3 unless and until the Court orders them to do so.

5. On January 25, 2007, I contacted Mr. Simpson to determine whether defendants would agree to this motion. I left a voice mail message requesting that Mr. Simpson advise me by telephone or email whether or not defendants opposed this motion. As of the time of filing this motion, defendants' counsel has not responded to my request.

I declare under penalty of perjury that the following is true and correct.

_____
ANNE L. WEISMANN

Dated: 1-25-07

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) Plaintiff, ) ) v. ) ) U.S. DEPARTMENT OF HOMELAND SECURITY, et al., ) ) ) Defendants. ) ) | Civil No. 1:06cv01912 (RBW) |

**[PROPOSED] ORDER**

The Court having considered plaintiff's request for a Rule 26(f) conference, defendants' opposition thereto, and the entire record herein, it is hereby ORDERED that plaintiff's motion is GRANTED and the parties are further ORDERED to meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and LCvR 16.3 within ten days of the date of this order.

Dated: _____            _____
                                    REGGIE B. WALTON
                                    United States District Judge