# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,

       Plaintiff,

       v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

       Defendants.

CIVIL ACTION NO.
1:06-cv-01912-RBW

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S REQUEST FOR RULE 26(f) CONFERENCE

### INTRODUCTION

Under the Federal Rules of Civil Procedure, discovery may not occur until after the parties have conferred pursuant to Rule 26(f). The plaintiff in this case, urging the need for discovery, seeks an order requiring a Rule 26(f) conference (docket #10). Rule 26(f), entitled "Conference of the Parties; Planning for Discovery," contemplates the submission of a "proposed discovery plan." This Court has repeatedly held, however, and the D.C. Circuit has recognized, that discovery is "rare" in Freedom of Information Act cases. See, e.g., Schrecker v. U.S. Dep't of Justice, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), aff'd, 349 F.3d 657 (D.C. Cir. 2003), quoted in Baker & Hostetler LLP v. U.S. Dep't of Commerce, ___ F.3d ____, 2006 WL 3751451, at *4 (D.C. Cir. 2006). In support of their forthcoming motion for summary judgment, defendants will submit sworn declarations of government officials showing that records of the kind sought here are not "agency records" subject to the FOIA. Those declarations will be entitled to a presumption of good faith. It would be the extraordinary case where plaintiff could overcome that

presumption, and this Court should not assume, particularly at this preliminary stage, that this is

such an extraordinary case.  Plaintiff's motion for a Rule 26(f) conference should, therefore, be

denied.

BACKGROUND

I.     <u>Applicable Statutes and Their Interpretation</u>

The Freedom of Information Act provides for the disclosure, subject to certain

exemptions, of records of an "agency."  5 U.S.C. § 552(a).  The term "agency" under the FOIA

does not, however, encompass "the President's immediate personal staff or units in the Executive

Office whose sole function is to advise and assist the President."  <u>Kissinger v. Reporters Comm.</u>

<u>for Freedom of the Press</u>, 445 U.S. 136, 156 (1980) (quoting H.R. Conf. Rep. No. 93-1380, at 15

(1974)).  This limitation also applies to the Vice President's staff and advisors.  <u>See Armstrong v.</u>

<u>Bush</u>, 924 F.2d 282, 286 n.2 (D.C. Cir. 1991).  Similarly, the Federal Records Act ("FRA")

governs the preservation and disposal of federal "records."  44 U.S.C. § 3301.  Although the term

"records" under the FRA is statutorily defined whereas the term "agency records" for purposes of

FOIA is defined by case law, <u>see</u> <u>Forsham v. Harris</u>, 445 U.S. 169, 178-87 (1980); <u>Goland v.</u>

<u>CIA</u>, 607 F.2d 339, 344-48 (D.C. Cir. 1978), the universe of records to which the two statutes

apply is sufficiently "coextensive" that any document created within the Executive Branch that is

not an "agency record" under the FOIA would also not be a "record" under the FRA.  <u>See</u>

<u>Armstrong v. Executive Office of the President</u>, 90 F.3d 553, 556 (D.C. Cir. 1996) ("coverage of

the FRA is coextensive with the definition of 'agency' in the FOIA," for purposes of distin-

guishing FRA and FOIA records from presidential records).

2

The Presidential Records Act ("PRA") sets forth a separate scheme for the preservation, disclosure, and disposal of Presidential and Vice Presidential records. Specifically, such records "are to be made publicly available five years after [the President or Vice President] leaves office, except that national defense and certain other information is to be made available no later than 12 years after the end of a [P]resident's [or Vice President's] term." Armstrong v. Executive Office of the President, 90 F.3d at 556; 44 U.S.C. §§ 2204, 2207 ("Vice-Presidential records shall be subject to the provisions of this chapter in the same manner as Presidential records."). Records subject to the PRA do not include any "agency records" as that term is used in the FOIA, or federal "records" as used in the Federal Records Act. See Armstrong v. Executive Office of the President, 90 F.3d at 556. Thus, "no record is subject to both the FRA and the PRA." Id.

Documents constitute "agency records" subject to FOIA if they are (1) created or obtained by an agency, and (2) in the agency's control. See U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 144-46 (1989). The D.C. Circuit uses a four-factor analysis to determine whether an agency exercises "sufficient control" over a record to render it an "agency record" under FOIA:

> [1] the intent of the document's creator to retain or relinquish control over the records; [2] the ability of the agency to use and dispose of the record as it sees fit; [3] the extent to which agency personnel have read or relied upon the document; and [4] the degree to which the document was integrated into the agency's record system or files.

Tax Analysts v. U.S. Dep't of Justice, 845 F.2d 1060, 1069 (D.C. Cir. 1988) (quoting Lindsey v. U.S. Bureau of Prisons, 736 F.2d 1462, 1465 (11th Cir. 1984)), aff'd on other grounds, 492 U.S. 136 (1989). Typically, an agency demonstrates lack of sufficient control over records through declarations of agency personnel.

3

II.    Procedural Background

The plaintiff seeks, under the Freedom of Information Act, records regarding visitors to the White House Complex and the Vice President's Residence ("VPR").  Specifically, plaintiff seeks any record of visits to the White House or the VPR, from January 1, 2001, to the present, by any of nine individuals.  This FOIA request was directed to the Secret Service.  See Complaint, Ex. A.

In its complaint, plaintiff alleges that the Secret Service's records of visitors to the White House and VPR are "agency records" under the FOIA and "records" under the FRA.  See Complaint ¶¶ 41, 46.  Plaintiff seeks, among other things, an order declaring that defendant has "violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request." Id. at 14.  Plaintiff also alleges that the Archivist of the United States has violated the FRA by failing to prevent the Secret Service from deleting its electronic copies of visit records upon transferring such records to the White House after a visit occurs.  Id. ¶¶ 33-35, 52.

Defendants filed a motion, on January 8, 2007, to extend their deadline to respond to the Complaint, stating that they intended to file a motion for summary judgment with appropriate declarations but that more time was needed to prepare the motion and declarations (docket #5). In absence of a ruling on the motion for extension of time, defendants filed an Answer to the Complaint on January 12, 2007 (docket #9).  Defendants intend to file their motion for summary judgment on plaintiff's FOIA claims shortly.  Defendants also intend to file a motion to stay plaintiff's claims under the Federal Records Act, given that a finding that the records sought are not "agency records" would also imply a finding that they are not "records" under the FRA.

4

<u>ARGUMENT</u>

Discovery is "rare" in FOIA cases, which usually turn on uncontroverted facts described in agency affidavits or declarations. Even where the facts submitted by an agency are inadequate, the usual course is for the court to request additional facts, rather than to permit discovery. In this case, the facts to be submitted with defendants' forthcoming motion for summary judgment will allow the Court to determine that visit records of the kind sought here are not "agency records" subject to the FOIA nor records subject to the Federal Records Act. A Rule 26(f) conference is, therefore, unnecessary in this case.

I.    <u>Discovery Is Rare in FOIA Cases</u>

Rule 26 of the Federal Rules of Civil Procedure sets forth "general provisions governing discovery." Rule 26(f), entitled "Conference of the Parties; Planning for Discovery," requires the parties to confer "to develop a proposed discovery plan," no later than "21 days before a scheduling conference is held [with the court] or a scheduling order is due under Rule 16(b)." Generally, discovery may not occur until after the Rule 26(f) conference. <u>See</u> Fed. R. Civ. P. 26(d).

In FOIA cases, moreover, discovery is "rare." <u>E.g.</u>, <u>Flowers v. IRS</u>, 307 F. Supp. 2d 60, 67-68 (D.D.C. 2004); <u>Schrecker v. U.S. Dep't of Justice</u>, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), <u>aff'd</u>, 349 F.3d 657 (D.C. Cir. 2003), <u>quoted in</u> <u>Baker & Hostetler LLP v. U.S. Dep't of Commerce</u>, ___ F.3d ____, 2006 WL 3751451, at *4 (D.C. Cir. 2006). The defendant agency typically submits an affidavit or declaration, setting forth facts showing that any disputed documents are "beyond the range of material that must be disclosed." <u>American Petroleum Inst. v. EPA</u>, 846 F. Supp. 83, 87 (D.D.C. 1994). Such affidavits "are accorded a presumption of good faith." <u>SafeCard Servs., Inc. v. SEC</u>, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Any ensuing

5

request for discovery from the plaintiff "must" be denied "when the affidavits are sufficiently detailed and submitted in good faith." Allen v. U.S. Secret Service, 335 F. Supp. 2d 95, 100 (D.D.C. 2004); see Goland, 607 F.2d at 352 (court may forgo discovery if affidavits are "relatively detailed and nonconclusory" and "submitted in good faith"). Plaintiffs may not obtain discovery based on "a bare hope of falling upon something that might impugn the [agency's] affidavits." Flowers, 307 F. Supp. 2d at 68 (quoting Military Audit Project v. Casey, 656 F.2d 724, 751-52 (D.C. Cir. 1981)).

Discovery is unwarranted even where an agency's declarations are inadequate. In that event, "the courts generally will request that the agency supplement its supporting declarations." Judicial Watch, Inc. v. U.S. Dep't of Justice, 185 F. Supp. 2d 54, 65 (D.D.C. 2002); accord Flowers, 307 F. Supp. 2d at 68 ("Even if an agency's affidavits regarding its search are deficient, courts generally do not grant discovery but instead direct the agency to supplement its affidavits."); see also Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 892 (D.C. Cir. 1995) (directing district court to order agency "to submit further affidavits").[1]

II.    No Discovery Is Needed in this Case

Under the foregoing precedent, no discovery should occur in this case. The central issue here will be whether records of visitors to the White House Complex and the Vice President's

---

[1] In those rare cases where discovery is permitted, its scope is "extremely limited." Alexander v. FBI, 188 F.R.D. 111, 116 n.2 (D.D.C. 1998) (quoting Katzman v. Freeh, 926 F. Supp. 316, 319 (E.D.N.Y. 1996). Specifically, such discovery is "generally limited to the scope of [the] agency's search." Billington v. U.S. Dep't of Justice, 11 F. Supp. 2d 45, 72 (D.D.C. 1998), aff'd in part, vacated in part, 233 F.3d 581 (D.C. Cir. 2000); accord Public Citizen Health Research Group v. FDA, 997 F. Supp. 56, 72-73 (D.D.C. 1998) ("Typically, [discovery in a FOIA case] is limited to investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like."), aff'd in part, rev'd in part, 185 F.3d 898 (D.C. Cir. 1999).

Residence are "agency" records under the Freedom of Information Act (and therefore federal records under the FRA), or, instead, Presidential and Vice Presidential records under the Presidential Records Act. The outcome of that analysis will be determinative of plaintiff's claims under both the FOIA and the Federal Records Act.

The declarations submitted with defendants' forthcoming motion for summary judgment will demonstrate that the Secret Service does not exercise "control" over the subject records. See Tax Analysts, 492 U.S. at 144-46; Tax Analysts, 845 F.2d at 1069. Those declarations will be entitled to "a presumption of good faith." SafeCard Servs., Inc., 926 F.2d at 1200. The outcome of this case will depend on whether, under the given facts, the Secret Service exercises "sufficient control" to render such records "agency records" under the FOIA. A finding that such records are not agency records under the FOIA would also imply a finding that they are not "records" under the Federal Records Act, thus resolving plaintiff's FRA claims, which defendants intend to move to stay pending resolution of the "agency records" issue.

Only after the filing of defendants' motion for summary judgment, therefore, will the Court be able to determine whether the facts presented by defendants are adequate to make that determination. A discovery conference at this stage — without the benefit of those declarations — would be premature; indeed, it will prove to be wholly unnecessary in the course of this litigation. Even if the Court finds the declarations to be inadequate, the appropriate course would be to request supplemental declarations. See Flowers, 307 F. Supp. 2d at 68; Judicial Watch, Inc., 185 F. Supp. 2d at 65; see also Nation Magazine, 71 F.3d at 892. No discovery would be needed or appropriate, and any request for discovery "must" be denied — especially if sought

7

only in "a bare hope of falling upon something that might impugn the [agency's] affidavits." <u>See</u> <u>Allen</u>, 335 F. Supp. 2d at 100; <u>Flowers</u>, 307 F. Supp. 2d at 68.

III.     <u>Plaintiff Has Not Shown a Need for Discovery</u>

Finally, plaintiff's motion for a Rule 26(f) conference does not explain why discovery is legitimately needed in this case, or identify any appropriate subject for discovery.  In support of its request for a conference and the ensuing discovery, plaintiff asserts only that this case "includes allegations of improper agency destruction of documents" and that the government has, in a similar case, allegedly "manufacture[d] new 'evidence' to bolster its claim that the kind of documents [plaintiff] is seeking here under the FOIA are not agency records." <u>See</u> Plaintiff's Request for Rule 26(f) Conference and Supporting Memorandum at 3-4 (docket #10).  These assertions do not, however, have any bearing on the central issue of control presented here.  They do not go to "the intent of the . . . creator [of White House or VPR visit records] to retain or relinquish control over the records; the ability of the [Secret Service] to use and dispose of the record[s] as it sees fit; the extent to which [Secret Service] personnel have read or relied upon the document[s]; [or] the degree to which [such records have been] integrated into the [Secret Service's] record system or files." <u>See</u> <u>Tax Analysts</u>, 845 F.2d at 1069.  In any event, plaintiff's mere assertions of impropriety are insufficient to contradict the sworn declarations of govern-ment officials and therefore do not support discovery here.

Plaintiff's reference to "allegations of improper agency destruction of documents" also does not support its request for a Rule 26(f) conference and discovery.  Any case in which the parties dispute whether documents constitute "records" under FOIA and the Federal Records Act may well involve the transfer or other disposition of documents.  Accepting such an allegation as

8

justification for discovery in a FOIA case would, therefore, effectively reverse the general rule

against discovery in FOIA cases where an "agency records" issue is presented.  That result,

however, would be contrary to Goland v. CIA, where the D.C. Circuit held that a certain docu-

ment was not an "agency record" and rejected plaintiffs' contention that discovery "was needed to

resolve disputed issues of fact."  607 F.2d at 344-48, 352 & n.45; accord Grand Cent.

Partnership, Inc. v. Cuomo, 166 F.3d 473, 488-90 (2d Cir. 1999) (affirming denial of request for

discovery in case involving "agency records" issue).

<u>CONCLUSION</u>

Accordingly, plaintiff's request for a Rule 26(f) conference should be denied.

Dated:  February 8, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO, D.C. Bar 418925
Assistant Director

_____
W. SCOTT SIMPSON, Va. Bar 27487
Senior Trial Counsel

Attorneys, Department of Justice
Civil Division, Room 7210
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 514-3495
Facsimile:  (202) 616-8470
E-mail: scott.simpson@usdoj.gov

COUNSEL FOR DEFENDANTS

9