UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>1:06-cv-01912-RBW |

**RESPONSE TO PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER**

More than three months after the commencement of this action, plaintiff now seeks an emergency restraining order "requiring defendants to immediately preserve all records potentially responsive to CREW's Freedom of Information Act request" and to "refrain from transferring any records potentially responsive to CREW's request to the White House without retaining copies (docket #12). Defendants have notified the plaintiff that, during the pendency of this litigation, the Secret Service has preserved and will continue to preserve the records, or copies of the records, which are in its possession that are the subject matter of this litigation. Attachment 1 hereto is a copy of a letter to that effect from counsel for the defendants to counsel for the plaintiff.

Therefore, there is no basis to fear the alleged harm on which plaintiff's motion is based. See O.K. v. Bush, 377 F. Supp. 2d 102, 111 (D.D.C. 2005) ("A clear showing of irreparable harm . . . is the sine qua non of preliminary injunctive relief."); see also National Head Start Ass'n v. HHS., 297 F. Supp. 2d 242, 246 (D.D.C. 2004) ("[A] preliminary injunction [or

temporary restraining order] is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.") (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)).  Indeed, if plaintiff had given defendants more than one hour's notice of the intended filing of its motion, plaintiff would have been so notified before the filing of the motion.

     Accordingly, in absence of a withdrawal of the motion by the plaintiff, Plaintiff's Motion for a Temporary Restraining Order should be denied.

     Defendants respectfully reserve the right to file, if needed, a supplemental opposition to plaintiff's motion, addressing in more detail the standards for a temporary restraining order.

Dated: February 15, 2007

                                        Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        JEFFREY A. TAYLOR
                                        United States Attorney

                                        ELIZABETH J. SHAPIRO, D.C. Bar 418925
                                        Assistant Director

                                        _____

                                        W. SCOTT SIMPSON, Va. Bar 27487
                                        Senior Trial Counsel

                                        Attorneys, Department of Justice
                                        Civil Division, Room 7210
                                        Post Office Box 883
                                        Washington, D.C. 20044
                                        Telephone:  (202) 514-3495
                                        Facsimile:   (202) 616-8470
                                        E-mail: scott.simpson@usdoj.gov

                                        COUNSEL FOR DEFENDANTS



**U.S. Department of Justice**
Civil Division
Federal Programs Branch

*Post Office Box 883*
*Washington, D.C. 20044*

---

W. Scott Simpson
*Senior Trial Counsel*

Tel:   *(202) 514-3495*
Fax:   *(202) 616-8470*
Email:  *scott.simpson@usdoj.gov*

February 15, 2007

<u>BY E-MAIL AND FIRST-CLASS MAIL</u>

Anne L. Weismann
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005

    Re:   <u>Citizens for Responsibility and Ethics in Washington v.</u>
          <u>U.S. Dep't of Homeland Security, et al., Civil Action No.</u>
          <u>1:06-cv-01912-RBW (D.D.C.)</u>

Dear Anne:

      This letter is in further response to your voicemail message of 9:30 this morning indicating that you would be filing an application for temporary restraining order "to ensure that all documents responsive to [the subject FOIA] request are being preserved by the defendants." You indicated that the motion would be filed "this morning," but did not state at what time you contemplated filing it. As you know, I returned your call at approximately 10:25 a.m. Your receptionist indicated that you were out of the office, and forwarded my call to your voicemail. I then left you a message indicating that the Secret Service was already preserving the subject records, and that we would be willing to confirm that fact in a letter, which we could probably transmit to you today. I asked you to let me know your plans. A few minutes after leaving that message, however, I received the ECF notification of the filing of your motion.

      Accordingly, this letter confirms that, during the pendency of this litigation, the United States Secret Service has preserved and will continue to preserve records, or copies of records, which are in its possession that are the subject matter of this litigation in relation to CREW's Freedom of Information Act request dated October 4, 2006. The White House Office and the Office of the Vice President, which have sole and exclusive legal control over the subject records, have approved this action by the Secret Service. This action is an accommodation to the Court and is without prejudice to the control of the subject Presidential records by the President,

and the subject Vice Presidential records by the Vice President, under the Presidential Records Act.

      Under these circumstances, we believe your motion for temporary restraining order can and should be withdrawn.

                                                    Sincerely,

                                                   W. SCOTT SIMPSON