UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITENS FOR RESPONSIBILITY AND ) <br> ETHICS IN WASHINGTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF HOMELAND ) <br> SECURITY, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil No. 1:06cv01912 (RBW) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR A TEMPORARY RESTRAINING ORDER**

The government's sole response to plaintiff's motion for a temporary restraining order ("TRO") is a request that the motion be denied based on the representation of government counsel that the Secret Service will preserve the records at issue. Completely and conspicuously absent from this filing, however, is any mention of plaintiff's responsive letter in which CREW reiterated what it had conveyed orally yesterday to government counsel: CREW will withdraw its motion if the government enters into a court-ordered stipulation mandating preservation of all responsive documents during the pendency of this litigation. To ensure a complete and accurate record, CREW's letter is attached as Exhibit 11.

The government's refusal to enter into such a stipulation speaks volumes. As outlined in CREW's memorandum in support of its request for a TRO and its letter of February 15, 2007, the government's conduct to date reflects anything but good faith. Shrouded in mystery and back-room secret deals, the Secret Service has proclaimed at every turn, and at the apparent command of the White House, its unilateral and unreviewable right to dispose of the White

House visitor records in its possession as its sees fit, even while multiple cases are pending challenging that right. The representations of government counsel, which are not even backed up by agency declarations, are simply not an adequate substitute for a court order commanding the defendants to do what their counsel promises they intend to do. Defendants' refusal to agree to such an order yet again calls into question their good faith and is another basis on which to grant CREW's motion.

## CONCLUSION

For the foregoing reasons, and those set forth in CREW's memorandum in support of its motion for a TRO, the motion should be granted.

Respectfully submitted,

\_\_\_/s/_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
 In Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated: February 16, 2007

**EXHIBIT 11**

**CREW** | citizens for responsibility and ethics in washington

February 15, 2007

**By E-Mail and First Class Mail**

W. Scott Simpson
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044

           Re: <u>CREW v. DHS, No. 06-1912 (RBW)</u>

Dear Scott:

      I write to respond to your letter of today asking CREW to withdraw its motion for a temporary restraining order in the above-referenced case, based on your representation that the Secret Service has preserved and will continue to preserve records that are the subject matter of this litigation.

      As I advised you prior to you sending your letter, CREW is willing to withdraw its motion if DHS enters a court-ordered stipulation mandating DHS's continued preservation of all potentially responsive records until the close of this litigation. Your letter does not reference my request. Absent such a stipulation, we cannot agree to withdraw our motion based solely on the representations of DHS's counsel.

      First, to date DHS and its counsel have been anything but forthcoming in this matter. At the administrative stage DHS refused to answer any question I posed of them regarding the status of CREW's FOIA request, advising me that they were under orders not to answer any of CREW's questions. In its answer DHS has denied this, but in the memorandum in support of a temporary restraining order that CREW filed earlier today I submitted a sworn declaration attesting to these facts. In addition, despite my requests for a meeting, you refused to meet to discuss our respective positions, as Rule 26(f) of the Federal Rules of Civil Procedure requires.

      Second, the Secret Service and the White House have acted in concert and in secret in an effort to unlawfully remove the records that CREW and others have requested from the reach of the FOIA, even while FOIA requests for the records were not only pending, but the subject of ongoing litigation. The fact that the White House and the Secret Service entered into a secret Memorandum of Understanding (MOU) regarding White House visitor records while litigation was pending regarding these records hardly represents good faith.

      Third, the only written assurance the Secret Service has made to preserve the visitor

records is in the MOU and that agreement makes clear that the Secret Service believes it is under no legal obligation to retain these records. Instead, the Secret Service has been retaining copies to honor a request of the National Archives and Records Administration (NARA). As set forth in our memorandum in support of a temporary restraining order, given that NARA has apparently now taken the position that the records at issue are presidential it appears that the Secret Service no longer feels bound by NARA's request.

    In sum, to date the government has been anything but above-board and open about its position and actions. The apparent unwillingness of the defendants to enter a court-ordered stipulation only highlights the need for a judicially enforceable order of preservation. Accordingly, we cannot agree to withdraw our motion based solely on your representations in your letter of February 15.

                                          Sincerely,

                                          ANNE L. WEISMANN
                                          Chief Counsel