UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,  )<br>)<br>Defendants.  )<br>) | CIVIL ACTION NO.<br>1:06-cv-01912-JGP |

### DEFENDANTS' *EMERGENCY* MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENA

The defendants, by their undersigned counsel, hereby move to quash a subpoena issued for the deposition of a senior official of the United States Secret Service to occur on May 21, 2007, and for a protective order against the conduct of any discovery in this case until further order of the Court after the filing of defendants' motion for summary judgment.

Pursuant to Local Rule 7(m), counsel for defendants has attempted to confer regarding this motion with plaintiff's counsel, Ms. Anne Weismann and Ms. Melanie Sloan. Ms. Weismann, however, was out of the office, and Ms. Sloan has not yet responded to a voicemail.

The grounds for this motion are set forth in the accompanying Memorandum of Points and Authorities in Support of Defendants' Emergency Motion for Protective Order and to Quash Deposition Subpoena.

Dated: May 9, 2007

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        CARL J. NICHOLS
        Deputy Assistant Attorney General

        JEFFREY A. TAYLOR
        United States Attorney

        ELIZABETH J. SHAPIRO, D.C. Bar 418925
        Assistant Director

        JOHN R. TYLER, D.C. Bar 297713
        Senior Trial Counsel

        _____

        W. SCOTT SIMPSON, Va. Bar 27487
        Senior Trial Counsel

        Attorneys, Department of Justice
        Civil Division, Room 7210
        Post Office Box 883
        Washington, D.C. 20044
        Telephone:  (202) 514-3495
        Facsimile:   (202) 616-8470
        E-mail: scott.simpson@usdoj.gov

        COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, )<br>)<br>       Plaintiff,  )<br>                   )<br>   v.              )<br>                   )<br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al., )<br>                   )<br>       Defendants. )<br>                   ) | CIVIL ACTION NO.<br>1:06-cv-01912-JGP |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'** *EMERGENCY* **MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENA**

INTRODUCTION

In this action under the Freedom of Information Act ("FOIA"), the Court has not ordered, and the parties have not held, a discovery conference under Rule 26(f) of the Federal Rules of Civil Procedure. Defendants will very shortly file a motion for summary judgment arguing that records of the kind sought in plaintiff's FOIA request are Presidential and Vice Presidential records rather than "agency records" subject to the FOIA. Nevertheless, plaintiff has now served a notice and subpoena to take the deposition of a senior official of the United States Secret Service on May 21, 2007.[1] Service of this notice and subpoena violates Rules 26 and 30, and plaintiff has not shown that this is one of the "rare" FOIA cases in which discovery may be

---

[1] Defendants respectfully request that briefing on this motion be expedited. If plaintiff were permitted the 11-day response period provided by the Local Rules, the opposition would not be due until after the date of the proposed deposition. See Local Rule 7(b); see also Fed. R. Civ. P. 6(e).

appropriate. The Court should, therefore, quash the subpoena and enter an order foreclosing discovery until further order of the Court.

## BACKGROUND

I.   Applicable Statutes and Their Interpretation

The Freedom of Information Act provides for the disclosure, subject to certain exemptions, of records of an "agency." 5 U.S.C. § 552(a). The term "agency" under the FOIA does not, however, encompass "the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President." Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 156 (1980) (quoting H.R. Conf. Rep. No. 93-1380, at 15 (1974)). This limitation also applies to the Vice President's staff and advisors. See Armstrong v. Bush, 924 F.2d 282, 286 n.2 (D.C. Cir. 1991). The Federal Records Act ("FRA"), in turn, governs the preservation and disposal of federal "records." 44 U.S.C. § 3301. Although the term "records" under the FRA is statutorily defined, whereas the term "agency records" for purposes of FOIA is defined by case law, see Forsham v. Harris, 445 U.S. 169, 178-87 (1980); Goland v. CIA, 607 F.2d 339, 344-48 (D.C. Cir. 1978), the universe of records to which the two statutes apply is sufficiently "coextensive" that any document created within the Executive Branch that is not an "agency record" under the FOIA also is not a "record" under the FRA. See Armstrong v. Executive Office of the President, 90 F.3d 553, 556 (D.C. Cir. 1996) ("coverage of the FRA is coextensive with the definition of 'agency' in the FOIA" for purposes of distinguishing FRA and FOIA records from presidential records).

The Presidential Records Act ("PRA") sets forth a separate scheme for the preservation, disclosure, and disposal of Presidential and Vice Presidential records. Such records "are to be

made publicly available five years after [the President or Vice President] leaves office, except that national defense and certain other information is to be made available no later than 12 years after the end of a [P]resident's [or Vice President's] term." Armstrong v. Executive Office of the President, 90 F.3d at 556; 44 U.S.C. §§ 2204, 2207 ("Vice-Presidential records shall be subject to the provisions of this chapter in the same manner as Presidential records."). Records subject to the PRA do not include any "agency records" as that term is used in the FOIA, or federal "records" as used in the Federal Records Act. See Armstrong v. Executive Office of the President, 90 F.3d at 556. Thus, "no record is subject to both the FRA and the PRA." Id.

Documents constitute "agency records" subject to FOIA if they are (1) created or obtained by an agency, and (2) in the agency's control. See U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 144-46 (1989). The D.C. Circuit uses a four-factor analysis to determine whether an agency exercises "sufficient control" over a record to render it an "agency record" under FOIA:

> [1] the intent of the document's creator to retain or relinquish control over the records; [2] the ability of the agency to use and dispose of the record as it sees fit; [3] the extent to which agency personnel have read or relied upon the document; and [4] the degree to which the document was integrated into the agency's record system or files.

Tax Analysts v. U.S. Dep't of Justice, 845 F.2d 1060, 1069 (D.C. Cir. 1988) (quoting Lindsey v. U.S. Bureau of Prisons, 736 F.2d 1462, 1465 (11th Cir. 1984)), aff'd on other grounds, 492 U.S. 136 (1989). Typically, an agency demonstrates lack of sufficient control over records through declarations of agency personnel.

II.     Procedural Background

The plaintiff seeks, under the FOIA, records regarding visitors to the White House Complex and the Vice President's Residence ("VPR"). Specifically, plaintiff seeks any record of

visits to the White House or the VPR, from January 1, 2001, to the present, by any of nine individuals. This FOIA request was directed to the Secret Service. See Complaint, Ex. A. Plaintiff alleges that the Secret Service's records of visitors to the White House and VPR are "agency records" under the FOIA and "records" under the FRA, and seeks, among other things, an order declaring that defendant has "violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request." See Complaint ¶¶ 41, 46, p. 14. Plaintiff also alleges that the Archivist of the United States has violated the FRA by failing to prevent the Secret Service from deleting its electronic copies of visit records upon transferring such records to the White House after a visit occurs. Id. ¶¶ 33-35, 52.

Plaintiff filed, on January 25, 2007, a motion seeking an order requiring the parties to hold a discovery conference under Rule 26(f) (docket #10). Defendants opposed the motion on the grounds that this is not one of the "rare" FOIA cases in which discovery is appropriate and that, in any event, the Court would be unable to determine, until after the filing of defendants' motion for summary judgment, whether the facts presented by defendants are adequate to determine that the records sought are not "agency records." The Court has not ordered a Rule 26(f) conference, and none has occurred.

Defendants intend to file, very shortly, a motion for summary judgment on all of plaintiff's claims. The motion will establish that records of visitors to the White House Complex and the VPR of the kind sought here are, respectively, Presidential and Vice Presidential records not subject to the FOIA (as a result of which plaintiff cannot prevail on its FOIA claims), and that the records are, therefore, also not federal records under the FRA (as a result of which plaintiff cannot prevail on its FRA claims). Defendants' motion will also establish that certain

4

FOIA exemptions apply to a few pages of records created by the Secret Service in determining whether prospective visitors pose a security risk and in otherwise protecting the security of the White House Complex and the VPR.

On May 7, 2007, plaintiff served a Notice of Deposition of Wallace R. Keefe, Jr., and a Subpoena for such deposition (Attachment 1 hereto). Mr. Keefe is the Chief of the Secret Service's Management and Organization Division. The deposition is noticed for Monday, May 21, 2007.

## ARGUMENT

Depositions and other types of discovery may not occur in a case until after the parties have conferred under Rule 26(f) of the Federal Rules of Civil Procedure. Discovery, moreover, is "rare" in FOIA cases, which usually turn on uncontroverted facts described in agency affidavits or declarations. Even where the facts submitted by an agency are inadequate, the usual course is for the court to request additional facts, rather than to permit discovery. In this case, no Rule 26(f) conference has occurred, and the facts to be submitted with defendants' forthcoming motion for summary judgment will allow the Court to determine that visit records of the kind sought here are not "agency records" subject to the FOIA, nor "records" subject to the Federal Records Act. Plaintiff's notice and subpoena for a deposition should, therefore, be quashed, and an order should be entered against the conduct of any discovery at this time.

I.     Plaintiff's Deposition Notice and Subpoena Violate Rules 26 and 30

Rule 26 of the Federal Rules of Civil Procedure sets forth the "general provisions governing discovery." Under Rule 26(d), with certain exceptions not applicable here, "a party may not seek discovery from any source before the parties have conferred as required by Rule

5

26(f)." Rule 26(f), entitled "Conference of the Parties; Planning for Discovery," requires the parties to confer "to develop a proposed discovery plan," no later than "21 days before a scheduling conference is held [with the court] or a scheduling order is due under Rule 16(b)."

Rule 30 of the Federal Rules of Civil Procedure expressly incorporates this condition in relation to the timing of depositions. Under Rule 30(a) —

> A party must obtain leave of court . . . if, without the written stipulation of the parties . . . a party seeks to take a deposition before the time specified in Rule 26(d) unless the notice contains a certification, with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless deposed before that time.

See Fed. R. Civ. P. 30(a)(2)(C).

No conference has occurred in this case under Rule 26(f), and plaintiff's Notice of Deposition of Wallace R. Keefe, Jr., contains no certification under Rule 30(a)(2)(C). The deposition cannot, therefore, occur, and the subpoena should be quashed.[2]

II.     This Is Not One of the "Rare" FOIA Cases
        in Which Discovery Is Appropriate

In cases under the Freedom of Information Act, moreover, discovery is "rare." E.g., Flowers v. IRS, 307 F. Supp. 2d 60, 67-68 (D.D.C. 2004); Schrecker v. U.S. Dep't of Justice, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), aff'd, 349 F.3d 657 (D.C. Cir. 2003), quoted in Baker & Hostetler LLP v. U.S. Dep't of Commerce, 473 F.3d 312, 318 (D.C. Cir. 2006). The defendant agency typically submits an affidavit or declaration, setting forth facts showing that any disputed documents are "beyond the range of material that must be disclosed." American Petroleum Inst. v. EPA, 846 F. Supp. 83, 87 (D.D.C. 1994). Such affidavits "are accorded a presumption of good

---

[2] Mr. Keefe is also currently scheduled to be out of town on May 15 through May 22, 2007, and therefore could not appear on the date noticed for the deposition in any event.

faith." SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Any ensuing request for discovery from the plaintiff "must" be denied "when the affidavits are sufficiently detailed and submitted in good faith." Allen v. U.S. Secret Service, 335 F. Supp. 2d 95, 100 (D.D.C. 2004); see Goland, 607 F.2d at 352 (court may forgo discovery if affidavits are "relatively detailed and nonconclusory" and "submitted in good faith"). Plaintiff may not obtain discovery based on "a bare hope of falling upon something that might impugn the [agency's] affidavits." Flowers, 307 F. Supp. 2d at 68 (quoting Military Audit Project v. Casey, 656 F.2d 724, 751-52 (D.C. Cir. 1981)).

Discovery is unwarranted even where an agency's declarations are inadequate. In that event, "the courts generally will request that the agency supplement its supporting declarations." Judicial Watch, Inc. v. U.S. Dep't of Justice, 185 F. Supp. 2d 54, 65 (D.D.C. 2002); accord Flowers, 307 F. Supp. 2d at 68 ("Even if an agency's affidavits regarding its search are deficient, courts generally do not grant discovery but instead direct the agency to supplement its affidavits."); see also Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 892 (D.C. Cir. 1995) (directing district court to order agency "to submit further affidavits").[3]

In this case, the central issue will be whether records of visitors to the White House Complex and the Vice President's Residence are "agency" records under the FOIA (and therefore

---

[3] Even in those rare cases where discovery is permitted, its scope is "extremely limited." Alexander v. FBI, 188 F.R.D. 111, 116 n.2 (D.D.C. 1998) (quoting Katzman v. Freeh, 926 F. Supp. 316, 319 (E.D.N.Y. 1996). Specifically, such discovery is "generally limited to the scope of [the] agency's search." Billington v. U.S. Dep't of Justice, 11 F. Supp. 2d 45, 72 (D.D.C. 1998), aff'd in part, vacated in part, 233 F.3d 581 (D.C. Cir. 2000); accord Public Citizen Health Research Group v. FDA, 997 F. Supp. 56, 72-73 (D.D.C. 1998) ("Typically, [discovery in a FOIA case] is limited to investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like."), aff'd in part, rev'd in part, 185 F.3d 898 (D.C. Cir. 1999).

federal records under the FRA), or, instead, Presidential and Vice Presidential records under the Presidential Records Act. The outcome of that analysis will be determinative of plaintiff's claims under both the FOIA and the Federal Records Act. The declarations submitted with defendants' forthcoming motion for summary judgment will demonstrate that the Secret Service does not exercise "control" over the subject records, and thus that they are not agency records. See Tax Analysts, 492 U.S. at 144-46; Tax Analysts, 845 F.2d at 1069. Those declarations will be entitled to "a presumption of good faith." SafeCard Servs., Inc., 926 F.2d at 1200.

Only after the filing of defendants' motion for summary judgment, therefore, will the Court be able to determine whether the facts presented by defendants are adequate to make these determinations. Any discovery at this stage — without the benefit of those declarations — would be premature; indeed, it will prove to be wholly unnecessary in the course of this litigation. Even if the Court finds defendants' forthcoming declarations to be inadequate, the appropriate course would be to request supplemental declarations. See Flowers, 307 F. Supp. 2d at 68; Judicial Watch, Inc., 185 F. Supp. 2d at 65; see also Nation Magazine, 71 F.3d at 892. No discovery would be needed or appropriate, and any request for discovery "must" be denied — especially if sought only in "a bare hope of falling upon something that might impugn the [agency's] affidavits." See Allen, 335 F. Supp. 2d at 100; Flowers, 307 F. Supp. 2d at 68.

Although these principles and the lack of a Rule 26(f) conference in this case should alone foreclose the service or conduct of any discovery at this time, plaintiff's service of a notice and subpoena for a deposition indicates that an affirmative protective order by the Court is needed.

CONCLUSION

Accordingly, plaintiff's Subpoena for the deposition of Wallace R. Keefe, Jr., should be quashed, and an order entered foreclosing any discovery in this case until further order of the Court after the filing of defendants' motion for summary judgment.

Dated: May 9, 2007

                                                                  Respectfully submitted,

                                                                   PETER D. KEISLER
Assistant Attorney General

CARL J. NICHOLS
Deputy Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO, D.C. Bar 418925
Assistant Director

JOHN R. TYLER, D.C. Bar 297713
Senior Trial Counsel

_____

W. SCOTT SIMPSON, Va. Bar 27487
Senior Trial Counsel

Attorneys, Department of Justice
Civil Division, Room 7210
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 514-3495
Facsimile:  (202) 616-8470
E-mail: scott.simpson@usdoj.gov

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Civil Action No. 06-2923 (JGP) |

### NOTICE OF DEPOSITION OF WALLACE R. KEEFE, JR.

Please take notice that pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiff will take the deposition of Wallace R. Keefe, Jr. at the office of Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005, on May 21, 2007, at 10:00 a.m. The deposition will be in the form of an oral examination before a notary public or other person authorized by law to administer an oath.

Dated: May 7, 2007

_/s/ Anne Weismann_
Anne L. Weismann (D.C. Bar No. 298190
Melanie Sloan (D.C. Bar No. 434584)
Citizens for Responsibility and Ethics in
  Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
(202) 408-5565

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND :
ETHICS IN WASHINGTON, :
:
Plaintiff, :
:
v. : Civil Action No. 06-2923 (JGP)
:
U.S. DEPARTMENT OF HOMELAND :
SECURITY, :
:
Defendant. :

CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2007, a true and correct copy of the Notice of Deposition of Wallace R. Keefe, Jr. was served by facsimile and first-class mail on:

W. Scott Simpson
Senior Trial Counsel
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
(facsimile) 202-616-8470

Dated: May 7, 2007

/s/ Anne L. Weismann
Anne L. Weismann (D.C. Bar No. 298190)
Citizens for Responsibility and Ethics
in Washington
1400 Eye St., NW, Suite 450
Washington, D.C. 20005
(202) 408-5565

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Citizens for Responsibility and Ethics in Washington,

V.

U.S. Department of Homeland Security, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:06cv1912 (JGP)

TO: Wallace R. Keefe, Jr.
U.S. Secret Service
950 H Street, N.W., Room 7800
Washington, D.C. 20001

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   1400 Eye Street, N.W., Suite 450  Washington, D.C. 20005 | DATE AND TIME  5/21/2007 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | 5/7/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anne L. Weismann, Citizens for Responsibility and Ethics in Washington
1400 Eye Street, N.W., Suite 450 Washington, D.C. 20005 (202) 408-5565

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,**<br><br>Defendants. | Civil Action No. 06-1912 (JGP) |

### ORDER

This matter comes before the Court on **Defendants' Emergency Motion for Protective Order and to Quash Deposition Subpoena** [24]. Upon consideration of Defendants' motion and of all materials submitted in relation thereto, it is hereby

**ORDERED** that Defendants' motion [24] is **GRANTED**; and it is further

**ORDERED** that Plaintiff's subpoena for the deposition of Wallace R. Keefe, Jr., is **QUASHED**; and it is further

**ORDERED** that no discovery shall occur in this action until further order of the Court.

**SO ORDERED.**

DATE: May ___, 2007                                    **JOHN GARRETT PENN**
                                                       **United States District Judge**