**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND | : |
| ETHICS IN WASHINGTON | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 06-1912 (JGP) |
| | : |
| U.S. DEPARTMENT OF HOMELAND | : |
| SECURITY, et al. | : |
| | : |
| Defendants. | : |

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION**
**FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENA**

**STATEMENT**

This action, brought under the Freedom of Information Act ("FOIA") and the

Administrative Procedure Act, challenges the failure of the U.S. Secret Service, a component of

defendant U.S. Department of Homeland Security ("DHS"), to fulfill plaintiff's request for

White House visitor records of nine specified individuals, the policy of the Secret Service to

erase agency records and the failure of the Archivist to take enforcement action to prevent DHS

from unlawfully destroying agency records.  The government has alleged here and in other

similar litigation that the types of records plaintiff Citizens for Responsibility and Ethics in

Washington ("CREW") is seeking are presidential, not agency, records and therefore are not

subject to disclosure under the FOIA.

The government's position appears to be part of a larger effort to shield the actions of the

Bush administration from public view.  Recent revelations about the use by top White House

officials of outside email accounts to ensure that their messages are not captured on the White

House servers for preservation and eventual disclosure, the disappearance of over five million email from those servers and the knowing failure of the White House to address the problems with its electronic record-keeping systems and to restore the missing email, and the insistence by the White House here to shroud in secrecy the identities of those who visit the White House -- a federal building where federal business is conducted -- all reflect an effort to purge the historical record of evidence that might cast the administration in a less than favorable light.

The Bush administration's apparent lack of respect for record-keeping and sunshine laws, however, should not be allowed to frustrate this Court's resolution of the factual issues raised on the basis of a full and fair record. That is why CREW most recently noticed the deposition of Wallace R. Keefe, Jr., a Secret Service official with particular knowledge about the historic practices of the Secret Service with respect to White House visitor logs. Mr. Keefe's deposition promises to shed light on the actual practices of the Secret Service, not just the facts that the government selectively presents after careful massaging by its multiple attorneys.

Defendant now moves to quash the subpoena on the basis that discovery is foreclosed until the parties conduct a Rule 26(d) conference, that discovery is not appropriate in a FOIA action like this one and that the government will shortly file a summary judgment motion thereby obviating the need for any discovery. Each of these grounds is without merit.

This subpoena was served against a backdrop of repeated promises by the government in the six months since the filing of the complaint that it would shortly file a summary judgment motion establishing that the records plaintiff seeks are presidential, not agency, records and therefore not subject to disclosure under the FOIA. The government's hollow and as yet unfulfilled promises do not justify quashing the deposition subpoena.

2

Moreover, not only has the government failed to fulfill its repeated promise to move for summary judgment but, more significantly, it ignores the fact that this is one of those supposedly "rare" FOIA cases where discovery is not only appropriate, it is imperative.  The issue of whether the requested records are agency or presidential is fact-laden under a four-part test established by the D.C. Circuit in United We Stand America, Inc. v. IRS, 359 F.3d 595 (D.C. Cir. 2004).  The Court can only resolve the factual issues with a full record, not one created unilaterally and selectively by the government.

Further, in light of the government's demonstrated propensity to withhold relevant evidence from a court that is considering the agency record issue, this Court should not rely here on a record that is created exclusively by the defendants.  The past mysterious appearance of a heretofore secret agreement to shore up the government's case, for example, does not instill confidence that the government will come forward here with all relevant evidence on the agency record issue.

Finally, defendants' motion to quash ignores the local rules of this Court that make clear that FOIA cases are exempt from the requirement that no discovery take place until the parties have conducted a Rule 26(d) conference.  While the government acknowledges that there are exceptions to this rule, it attempts to mislead this Court by failing to even mention that FOIA actions like this one are within those exceptions.

## BACKGROUND

On October 4, 2006, CREW filed a FOIA request with DHS seeking records relating to any visit that nine specified individuals made to the White House or the residence of the vice

president from January 1, 2001, to the present.  <u>See</u> Exhibit A to Complaint.[1]  CREW also sought

a waiver of fees associated with processing its request, explaining that the requested records are

likely to shed light on the influence that conservative Christian leaders have, or attempt to have,

on the president in the exercise of his authority.  <u>Id.</u>

    When CREW received no response from DHS to its FOIA request, its counsel made

repeated calls to the Secret Service FOIA office in an effort to ascertain the status of the request.

Complaint, ¶ 9.  Not only did the Secret Service refuse to disclose any information to CREW

about its request, but its FOIA personnel advised CREW's counsel that they had been instructed

specifically not to tell CREW anything about its request.  Complaint, ¶ 33.[2]

    On November 9, 2006, CREW filed the complaint in this action against DHS and Allen

Weinstein in his official capacity as Archivist of the United States.  The complaint challenges

DHS's failure to produce records in response to CREW's FOIA request.  Complaint at ¶ 1.

CREW is also challenging under the Administrative Procedure Act the policy of the Secret

Service to erase federal records once it has transferred the information to the White House,

contrary to the Federal Records Act, and the failure of the Archivist to take enforcement action

to prevent the DHS from unlawfully destroying agency records.  <u>Id.</u>

    Since at least January 8, 2007, defendants have claimed an intent to file a motion for

summary judgment in response to the complaint.  <u>See</u> Defendants' Motion for Extension of Time

---

[1] The nine individuals are:  James Dobson, Gary L. Bauer, Wendy Wright, Louis P. Sheldon, Andrea Lafferty, Paul Weyrich, Tony Perkins, Donald Wildmon and Jerry Falwell.  <u>Id.</u>

[2] Although defendants have denied what they call the "allegations" in this paragraph, <u>see</u> Defendants' Answer to Plaintiffs' Complaint at ¶ 31, plaintiff does not understand how defendants can in good faith deny the facts in this paragraph given that the undersigned counsel (Anne Weismann) was a party to those conversations.

and Memorandum of Points and Authorities in Support Thereof, ¶ 4 (Document 5), in which

defendants stated their intent "to file, in responding to the Complaint, a motion for summary

judgment on plaintiff's FOIA claims." Id. at ¶ 4.  In their opposition to plaintiff's request for a

Rule 26(d) conference, filed on February 8, 2007, defendants again claimed that such a motion

was "forthcoming" and argued that any discovery conference was therefore "premature."

Memorandum of Points and Authorities in Opposition to Plaintiff's Request for Rule 26(f)

Conference, p. 7 (Document 11).[3]  And during the February 16, 2006 hearing on plaintiff's

motion for a temporary restraining order to prevent the unlawful destruction of responsive

documents pending this litigation, defendants' counsel for the third time claimed, "We are

preparing a motion for summary judgment which we'll be submitting shortly."  Transcript of

Motions Hearing, p. 12 (Document 19).  To date, however, defendants have not filed a summary

judgment motion, although now they again claim an intent to file such a motion "very shortly."

Memorandum of Points and Authorities in Support of Defendants' Emergency Motion for

Protective Order and to Quash Deposition Subpoena ("Ds' Mem.") at 4.

On May 7, 2007, plaintiff served on defendants a Notice of Deposition of Wallace R.

Keefe, Jr., pursuant to Rule 30 of the Federal Rules of Civil Procedure, as well as a subpoena for

Mr. Keefe's oral testimony.  Mr. Keefe is Chief of the Management and Organization Division

of the Secret Service and is listed in the directory of the National Archives and Records

Administration as a federal agency records officer.  See http://www.archives.gov/records-

mgmt/agency/departments/homeland.html.  In addition, Mr. Keefe signed a memorandum of

---

[3] Indeed, defendants' latest motion to quash parrots the arguments they made in that
opposition.

understanding with the White House concerning the treatment of visitor records under federal

records laws.  The deposition is scheduled for May 21, 2007, commencing at 10:00 a.m.[4]

## ARGUMENT

### I.  RULES 26 AND 30 DO NOT BAR THE NOTICED DEPOSITION.

Defendants argue that the deposition of Mr. Keefe cannot go forward because neither a

conference has yet occurred in this case pursuant to Rule 26 of the Federal Rules of Civil

Procedure nor has plaintiff included a certification in its deposition notice that the deponent will

be leaving the United States as mandated by Rule 30(a)(2)(C).  Ds' Mem. at 6.  Although

defendants note there are exceptions to the bar on discovery prior to a Rule 26 conference, they

claim such exceptions are "not applicable here."  Id. at 5.

What the government has completely overlooked, however, if not deliberately ignored is

that this case fits precisely within an exception to the bar on discovery prior to any Rule 26

conference.  Rule 26(d) states in relevant part:  "*Except in categories of proceedings exempted*

*from initial disclosure under Rule 26(a)(1)(E)* . . . a party may not seek discovery from any

source before the parties have conferred as required by Rule 26(f)."  (emphasis added).  Local

Rule 26.2(a) provides that "the requirement[s] of Rule 26(a)(1), F.R.Civ.P., for initial disclosure

of information are applicable in all cases except for cases exempted by order of the court and in

---

[4] Defendants note that Mr. Keefe is "currently scheduled to be out of town on May 17 through May 22" and that he therefore "could not appear on the date noticed for the deposition . . ."  Ds' Mem. at 6 n.2.  Notwithstanding that Mr. Keefe was served with a subpoena, defendants have not sought to quash the subpoena on that ground that he is unavailable that day, have not explained sufficiently why Mr. Keefe is not available on May 21, and have not proposed alternative dates for which Mr. Keefe is available.  Nevertheless, CREW is willing to consider alternative dates to accommodate Mr. Keefe's schedule, provided that the discovery is not delayed unduly.

the following categories of proceedings: . . . (9) *FOIA actions*."[5] (emphasis added).  Moreover, LCvR 16.3 also makes clear that FOIA actions are exempt from the duty to confer imposed by LCvR 16.3 as well as Rule 26(f) of the Federal Rules of Civil Procedure.  LCvR 16.3(b)(9).  Thus, FOIA actions like the instant case are exempt from initial disclosures and, accordingly, are exempt from the bar on discovery prior to a Rule 26(f) conference.[6]

It necessarily follows from this that plaintiff's notice of deposition is procedurally proper.  Defendants' motion to quash must therefore be denied.[7]

## II.  DISCOVERY IS BOTH APPROPRIATE AND NECESSARY TO RESOLVE THE FACTUAL ISSUES RAISED BY THE FOIA CLAIMS.

Defendants also argue that discovery in FOIA cases is "rare" and that this is not such a rare case because it will be decided on the basis of the record to be set forth in the defendants' long-promised summary judgment motion.  As even defendants concede, however, in the typical FOIA case the agency is justifying any claimed exemptions and does so through the submission of agency declarations or affidavits.  Ds' Mem. at 6.  This case, by contrast, involves a threshold fact-bound issue and is far from the "typical" case to which defendants' citations of authority relate.

---

[5] The Local Rules "govern all proceedings in the United States District Court for the District of Columbia," and "supplement the Federal Rules of Civil and Criminal Procedure and shall be construed in harmony therewith."  LCvR 1.1.

[6] Plaintiff notes that its claims arising under the Administrative Procedure Act are not exempted from the Rule 26(f) requirements, which is why plaintiff filed a request for a Rule 26(f) conference.

[7] Defendants' apparent failure to cite the Local Rules of this Court may be sanctionable conduct, particularly when coupled with their repeated and as yet unfulfilled promises to "shortly" file a dispositive motion, both of which seem designed to delay resolution of this litigation.

As with any civil litigation, this Court has broad discretion on whether and what discovery should go forward.  See, e.g., SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991).  Where, as here, "one party has an effective monopoly on the relevant information" the need for discovery is especially acute.[8]  This is because discovery is "an important tool for truth-testing" in FOIA cases," as in other litigation.  Washington Post Co. v. U.S. Dep't of State, 840 F.2d 26, 38 (D.C. Cir. 1988), *reh'ing granted*, *judgment vacated on other grounds*, 898 F.2d 793 (D.C. Cir. 1990) ("Washington Post").[9]

Under a two-part test enunciated by the Supreme Court in Dep't of Justice v. Tax Analysts, materials requested under the FOIA are "agency records" if they are (1) either created or obtained by the agency and (2) under agency control at the time the FOIA request is made. 492 U.S. at 145.  As the Court explained, "[t]he control inquiry focuses on an agency's possession of the requested materials . . . ."  Id. at 147.

On the issue of agency control, this Circuit has identified four factors to consider:

> (1) the intent of the document's creator to retain or relinquish control over the records; (2) the ability of the agency to use and dispose of the record as it sees fit; (3) the extent to which agency personnel have read or relied upon the document; and (4) the degree to which the document was integrated into the agency's record system or files.

United We Stand Am., 359 F.3d at 599, *quoting* Burka v. U.S. Dep't of Health and Human

---

[8] Founding Church of Scientology v. Nat'l Security Agency, 610 F.2d 824, 833 (D.C. Cir. 1979), *citing* Ray v. Turner, 587 F.2d 1187, 1218 n. 81 (D.C. Cir. 1978).

[9] See also Londrigan v. FBI, 670 F.2d 1164, 1175 (D.C. Cir. 1981) (recognizing that discovery "is especially important" in FOIA cases as the requester is "entitled to as complete and accurate an explanation of the reasons for nondisclosure of sought-after information as the agency is able to provide.").

Services, 87 F.3d 508, 515 (D.C. Cir. 1996). Where, however, the agency created and maintained the requested documents in the course of the agency's official duties, this Circuit has suggested that at least three of these factors do not apply. United We Stand Am., 359 F.3d at 603.

In determining the degree of control that the Secret Service exercises over the requested records the Court clearly will have to examine a wealth of facts and not just the selective facts that the government may choose to submit through declarations. For example, although the government has already briefed this issue in a case that has since been dismissed, The Washington Post v. U.S. Dep't of Homeland Security, 459 F.Supp.2d 61 (D.D.C. 2006), *vacated by*, *appeal dismissed as moot*, 2007 U.S. App. LEXIS 6682 (D.C. Cir. Feb. 27, 2007), the government's presentation of the issues in that case did not include evidence of past practices where the Secret Service was able to use and dispose of the visitor records in its possession as it saw fit. While under the auspices of the U.S. Department of the Treasury, the Secret Service submitted multiple requests to NARA for records disposition authority.[10] The Secret Service has also produced these records in the past in response to discovery and FOIA requests. For example, in 1998, in Alexander v. FBI, Civil No. 96-2123 (D.D.C.), the Secret Service produced WAVES logs from 1996 to Judicial Watch in response to a subpoena.[11] Such actions are simply

---

[10] In response to a FOIA request CREW submitted to NARA for documents regarding the practice of the Secret Service to erase visitor records once copies had been made for the White House and for communications from NARA requesting that the Secret Service retain these copies, NARA produced Requests for Records Disposition Authority from the Secret Service for the years 1996, 1993 and 1990.

[11] These records were submitted as Exhibit 4 to Plaintiff's Motion to Compel in Judicial Watch v. Secret Service, Civil No. 06-310.

incompatible with the Secret Service's newly minted claim that it lacks the ability to use and

dispose of the records as it sees fit, and are the type of evidence that CREW seeks in order to

address fully the agency control issue presented here.

In short, given the factual issues to be resolved, this is patently a case in which discovery

is appropriate.  While courts are understandably wary about permitting discovery that appears

aimed at seeking the content of withheld documents,[12] that is not the case here.

Not only is discovery appropriate, but it is critical to ensure a full and fair record.  As

outlined above, to date the government has not put forth all relevant facts but, instead, has relied

on carefully crafted declarations of agency personnel not subject to cross-examination.  Even

more troubling, the government has affirmatively withheld evidence from a reviewing court.  In

Washington Post, the issue before the district court was identical to that presented here, namely

whether White House visitor logs were agency or presidential records and, accordingly, not

subject to the FOIA.  Although there was full briefing on the merits (albeit under the auspices of

a preliminary injunction motion), until it sought a stay on October 25, 2006, the government did

not reveal to the court the existence of a memorandum of understanding ("MOU") that the DHS

and the White House had entered into concerning the status of visitor records.  Notably, that

MOU was entered into on May 17, 2006, while there were numerous pending FOIA requests for

White House visitor records that were already the subject of litigation and months before the

Washington Post court addressed the agency record issue.  Against this background CREW is

clearly entitled to probe for other relevant evidence that the government may choose not to

---

[12] See, e.g., Pollard v. FBI, 706 F.2d 1151, 1154 (9th Cir. 1983), Laborers Int. Union v. U.S. Dep't of Justice, 578 F.Supp. 52, 56 (D.D.C. 1983), aff'd 772 F.2d 919 (D.C. Cir. 1984).

submit.  Indeed, CREW has noticed the deposition of Mr. Keefe who was the signator for DHS

in that MOU and who clearly has relevant testimony to provide on the agency record issue

presented.  Under these circumstances discovery is both appropriate and necessary to resolve the

factual issues raised by the government's claims.

### III.  DEFENDANTS' CLAIMED INTENT TO FILE A SUMMARY JUDGMENT MOTION IS NOT A BASIS TO QUASH THE DEPOSITION SUBPOENA.

Finally, defendants argue that discovery is premature and will be wholly unnecessary

based on their "forthcoming" summary judgment motion.  Ds' Mem. at 8.  As outlined *supra* at

4-5, the government has been representing for months that it is on the verge of filing such a

motion; its latest promise is, by CREW's count, the fourth.  Such empty promises should carry

no weight whatsoever in evaluating defendants' motion to quash.  They suggest that the

government's end-game is really one of delay that serves to continue the status quo.  Simply

stated, this is an unacceptable outcome.

The treatment of the visitor records as either federal agency records or presidential

records is not a mere formality.  Most significantly, "record-keeping requirements of the FRA

[Federal Records Act] are subject to judicial review and enforcement; those of the PRA

[Presidential Records Act] are not."  Armstrong v. EOP, 90 F.3d 553, 556 (D.C. Cir. 1996),

*citing* Armstrong v. Bush, 924 F.2d 282, 286 (D.C. Cir. 1991).  Neither the archivist nor

Congress has the authority to veto a president's decision to destroy any records covered by the

PRA.  Armstrong v. Bush, 924 F.2d at 286.  Thus, the White House's attempt to bring the visitor

records into the reach of the PRA, even when, as here, they are in the possession of the Secret

Service, is also an attempt to give the president and the vice president the unilateral and

unreviewable discretion to destroy those records as they see fit.  The serious consequences for

11

the public that would attach to a designation of these records as presidential warrants proceeding on the fullest evidentiary record possible.

## <u>CONCLUSION</u>

For the foregoing reasons, defendants' motion to quash should be denied.

Respectfully submitted,

_____/s/_____

Anne L. Weismann (D.C. Bar No. 298190)
Melanie Sloan (D.C. Bar No. 434584)
Citizens for Responsibility and Ethics in
  Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
(202) 408-5565

Attorneys for Plaintiff

Dated:  May 16, 2007

12

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
CITIZENS FOR RESPONSIBILITY AND  :
ETHICS IN WASHINGTON  :
  :
    Plaintiff,  :
  :
    v.  : Civil Action No. 06-1912 (JGP)
  :
U.S. DEPARTMENT OF HOMELAND  :
SECURITY, et al.  :
  :
    Defendants.  :
_____:

## [PROPOSED] ORDER

The Court having considered defendants' motion to quash, plaintiff's opposition thereto,

and the entire record herein, it is hereby ORDERED that defendant's motion is DENIED.

Dated: _____    _____
           JOHN GARRETT PENN
           United States District Judge