UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>  Defendants. | CIVIL ACTION NO.<br>1:06-cv-01912-JGP |

**REPLY IN SUPPORT OF DEFENDANTS'** *EMERGENCY* **MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENA**

Plaintiff's opposition to the subject motion is mistaken in arguing that the Federal Rules of Civil Procedure permit the service of their subpoena, and it cites no valid basis for permitting discovery in this action, particularly at this point in the litigation. For the reasons stated in defendants' motion and further explained below, defendants' motion for protective order and to quash plaintiff's deposition subpoena should be granted.

ARGUMENT

I.    Plaintiff's Deposition Notice and Subpoena Violate Rules 26 and 30

Plaintiff argues that its deposition notice and subpoena are "procedurally proper" because Local Rule 16.3(b) purports to exempt FOIA actions from the initial disclosure requirements of Rule 26(a) of the Federal Rules of Civil Procedure, thus — plaintiff asserts — indirectly exempting such cases from the moratorium on discovery in Rule 26(d). See Plaintiff's Opposition to Defendants' Emergency Motion for Protective Order and to Quash Deposition Subpoena at 6-7 (docket #26) [hereinafter Pl's Opp.]. Plaintiff's argument, however, ignores Rule 26(a)(1)(E) and

its express purpose. This rule exempts certain categories of cases from the initial disclosure requirement, but FOIA actions are not among them. See Fed. R. Civ. P. 26(a)(1)(E). The relevant Advisory Committee Note makes clear that a district court may <u>not</u> exempt additional categories of cases by local rule:

> The amendments remove the authority to alter or opt out of the national disclosure requirements by local rule, invalidating not only formal local rules but also informal "standing" orders of an individual judge or court that purport to create exemptions from — or limit or expand — the disclosure provided under the national rule.

<u>See</u> Advisory Committee Note, 2000 Amendment, Subdivision (a)(1).

Later, the Note adds, even more emphatically:

> Subdivision (a)(1)(E)'s enumeration of exempt categories is exclusive. Although a case-specific order can alter or excuse initial disclosure, local rules or "standing" orders that purport to create general exemptions are invalid.

<u>Id</u>.

Accordingly, as stated in defendants' motion, plaintiff's notice and deposition are improper because no Rule 26(f) conference has occurred in this case. The subpoena must, therefore, be quashed.

II.     This Is Not One of Those "Rare" FOIA Cases
        <u>in Which Discovery Is Appropriate</u>

Plaintiff argues that this is not the "typical" FOIA case — in which discovery is usually inappropriate — because it presents a "fact-bound" issue as to whether certain records constitute "agency records" under the FOIA. <u>See</u> Pl's Opp. at 7-8. The case law indicates, however, that the general rule against discovery in FOIA cases applies as much to cases involving "agency records" issues as to cases involving exemption claims by the defendant agency. For example, in

2

Goland v. CIA, where the D.C. Circuit held, among other things, that a document in defendant's possession was a congressional record not subject to FOIA, the court rejected plaintiff's contention that "discovery was needed to resolve disputed issues of fact." 607 F.2d 339, 344 (D.C. Cir. 1978), vacated in part on other grounds, 607 F.2d 367 (D.C. Cir. 1979) (per curiam). Similarly, the D.C. Circuit in United We Stand America, Inc. v. IRS — quoted prominently in plaintiff's opposition to the present motion — reached the same conclusion regarding a different congressional document, apparently without any discovery having occurred in the district court. 359 F.3d 595, 600 (D.C. Cir. 2004); see United We Stand America, Inc. v. IRS, 219 F. Supp. 2d 14, 15 (D.D.C. 2002) (describing procedural history); see also Katz v. NARA, 68 F.3d 1438 (D.C. Cir. 1995) (holding, apparently without benefit of discovery, that Kennedy autopsy records were not agency records); Bureau of National Affairs, Inc. v. U.S. Dep't of Justice, 742 F.2d 1484, 1492 (D.C. Cir. 1984) (same, in relation to employee appointment materials).

In any event, deciding whether a FOIA request seeks "agency records" is no more likely to involve "fact-based" issues than deciding the applicability of certain FOIA exemptions. For example, resolving a claim of Exemption 1 requires deciding whether the person who classified the document was authorized to do so, whether proper classification procedures were followed, whether classification of the particular document in question was appropriate under the applicable Executive Order, and whether disclosure of the information could reasonably be expected to damage national security. See 5 U.S.C. § 552(b)(7)(E); Voinche v. FBI, 46 F. Supp. 2d 26, 29-30 (D.D.C. 1999). Close factual determinations must also be made, for instance, in examining various types of Exemption 7 claims, such as whether production of a given law enforcement

3

record "could reasonably be expected to disclose the identity of a confidential source." 5 U.S.C. § 552(b)(7)(D).

Plaintiff's other arguments either are irrelevant or cannot be addressed until after defendants file their motion for summary judgment. For example, whether or not the government may have disclosed certain records of the kind sought here in response to other FOIA requests, see Pl's Opp. at 9, is not relevant to whether the governing statutes require such treatment, nor does it demonstrate that defendants' declarations in this case will be inadequate such as to justify discovery. In that regard, moreover, whether discovery is needed "to ensure a full and fair record," id. at 10, depends on the content of defendants' summary judgment motion and the declarations to be submitted therewith.[1]

As this Court has observed, discovery in a FOIA case "must" be denied "when the [government's] affidavits are sufficiently detailed and submitted in good faith." Allen v. U.S. Secret Service, 335 F. Supp. 2d 95, 100 (D.D.C. 2004). Even then, the usual course is not to order discovery, but to "request that the agency supplement its supporting declarations." Judicial Watch, Inc. v. U.S. Dep't of Justice, 185 F. Supp. 2d 54, 65 (D.D.C. 2002); accord Flowers v. IRS, 307 F. Supp. 2d 60, 68 (D.D.C. 2004) ("Even if an agency's affidavits regarding its search are deficient, courts generally do not grant discovery but instead direct the agency to supplement

---

[1] In relation to plaintiff's reference to The Washington Post v. U.S. Department of Homeland Security, Civil Action No. 1:06cv1737 (D.D.C.), the government can hardly be faulted for failing to submit a document with its opposition to a motion for preliminary injunction, on October 14, 2006, in response to a complaint and motion that had been filed only four days earlier, on October 10 — especially an internal document, supporting the government's position, that the government had no obligation to include. See Pl's Opp. at 10. The memorandum of understanding to which plaintiff refers was submitted with the government's next district court filing, on October 25, 2006.

its affidavits."). Plaintiff's opposition utterly fails to address these principles, and cites no authority for ordering discovery at this point in any FOIA case.

Defendants are in the final stages of preparing their motion for summary judgment and the supporting documents. At this time, defendants expect to be able to file their motion by Friday, May 25, 2007, if not earlier. In short, plaintiff's effort to secure discovery is premature, and defendants submit that discovery will prove to be wholly unnecessary in light of their dispositive motion.

## CONCLUSION

Accordingly, plaintiff's Subpoena for the deposition of Wallace R. Keefe, Jr., should be quashed, and an order entered foreclosing any discovery in this case until further order of the Court after the filing of defendants' motion for summary judgment.

Dated: May 17, 2007

    Respectfully submitted,

    PETER D. KEISLER
    Assistant Attorney General

    CARL J. NICHOLS
    Deputy Assistant Attorney General

    JEFFREY A. TAYLOR
    United States Attorney

    ELIZABETH J. SHAPIRO, D.C. Bar 418925
    Assistant Director

    JOHN R. TYLER, D.C. Bar 297713
    Senior Trial Counsel

                                                 _____
W. SCOTT SIMPSON, Va. Bar 27487
Senior Trial Counsel

Attorneys, Department of Justice
Civil Division, Room 7210
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 514-3495
Facsimile:   (202) 616-8470
E-mail: scott.simpson@usdoj.gov

COUNSEL FOR DEFENDANTS