UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 06-1912 (JGP) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

This matter is before the Court on **Defendants'** *Emergency* **Motion For Protective Order And To Quash Deposition Subpoena** [24]. Defendants "move to quash a subpoena issued for the deposition of a senior official of the United States Secret Service . . . and for a protective order against the conduct of any discovery in this case until further order of the Court after the filing of defendants' motion for summary judgment." Defs.' Mot. at 1. Defendants present two main arguments – one legal, the other pragmatic – in support of the motion. First, they claim that Plaintiff's deposition notice and subpoena violate Rules 26 and 30 of the Federal Rules of Civil Procedure, arguing that "[d]epositions and other types of discovery may not occur in a case until after the parties have conferred under Rule 26(f)," which has not happened. *Id*. at 5. Second, Defendants claim that "any discovery at this stage . . would be premature," *id*. at 8, because they "intend to file, very shortly, a motion for summary judgment . . . . [which] will establish that the records . . . sought here are . . . not subject to the FOIA," *id*. at 4. In exercising its discretion, the Court agrees that discovery should, for practical reasons, be temporarily suspended. The motion is therefore granted.

**BACKGROUND**

Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW"), a non-profit organization and self-described government watchdog, lodged a Freedom of Information Act request with the U.S. Secret Service, a component of the U.S. Department of Homeland Security, for documents relating to nine individuals.[1]  CREW requested all records in the Secret Service's possession showing that any of these nine individuals, described as prominent "conservative Christian leaders," had recently visited the White House or the Vice President's residence.  When the Secret Service failed to respond to this request in a timely fashion, CREW filed the present action under the Freedom of Information Act and the Federal Records Act, challenging not only the Secret Service's failure to respond to its request, but the Secret Service's policy of transferring-then-destroying certain records – records that may be subject to FOIA.

On January 25, 2007, CREW filed a motion requesting a Rule 26(f) conference.  CREW asserted that the Court and the parties would be well-served by a timely Rule 26(f) conference because it would, among other things, help establish the proper role for discovery in this matter. CREW noted that Defendants had "refused" to confer absent a court order.  Defendants opposed the motion, arguing that discovery was not necessary in this FOIA action because they would "shortly" be filing a motion for summary judgment.  This motion would, they argue, show that the requested records were not subject to the Freedom of Information Act.  The motion for a Rule 26(f) conference is still pending and no discovery conference has been held to date.

On May 7, 2007, CREW served a notice of deposition of Wallace R. Keefe and a subpoena

---

[1] The nine individuals listed in CREW's request were James Dobson, Gary L. Bauer, Wendy Wright, Louis P. Sheldon, Andrea Lafferty, Paul Weyrich, Tony Perkins, Donald Wildmon and  Jerry Falwell.

for his deposition. *See* Defs.' Mot., Ex. 1. Mr. Keefe is the Chief of the Secret Service's Management and Organization Division, who is, according to CREW, listed in the directory of the National Archives and Records Administration as a federal agency records officer. The deposition is presently scheduled for May 21, 2007.

## DISCUSSION

The question before the Court is whether CREW may conduct limited discovery at this stage in the litigation, giving it an opportunity to depose Mr. Keefe next week, or whether discovery is precluded until the parties have conferred pursuant to Rule 26(f). In the alternative, the Court is asked to decide whether discovery should, for practical reasons, be suspended until Defendants have filed their forthcoming motion for summary judgment. The Court concludes, in its discretion, that based on practical considerations discovery should follow the Defendants' motion for summary judgment.[2] This will provide both CREW and the Court with a better understanding of the Defendants' position regarding these records, and should help focus the scope of discovery, if it is to be had. This also seems to be in accord with the routine practice, outlined below, that discovery in a FOIA action should follow, not precede, the government's motion for summary judgment.

"The Freedom of Information Act was enacted to provide a statutory right to public access to documents and records held by agencies of the federal government." *Citizens for Responsibility & Ethics in Wash. v. United States Dep't of Justice*, 2006 U.S. Dist. LEXIS 34857, *7 (D.D.C. 2006) (citing *Pratt v. Webster*, 218 U.S. App. D.C. 17, 22, 673 F.2d 408, 413 (D.C. Cir. 1982)). "As such, FOIA embodies 'a general philosophy of full agency disclosure unless information is exempted

---

[2] Because the Court concludes that discovery should be suspended at this time, it does not address Defendants' Rule 26 argument.

under clearly delineated statutory language.'" *Pratt*, 218 U.S. App. D.C. at 22, 673 F.2d at 413 (quoting S. Rep. No. 813, 89th Cong., 1st Sess. 3 (1965)).

While it is true that FOIA actions are "typically resolved without discovery," *Voinche v. FBI*, 412 F. Supp. 2d 60, 71 (D.D.C. 2006) (citing *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.") (other citation omitted)), this is not an absolute rule. "[D]iscovery may be granted when plaintiff has made a sufficient showing that the agency acted in bad faith, has raised a sufficient question as to the agency's good faith, or when a factual dispute exists and the plaintiff has called the affidavits submitted by the government into question." *Citizens for Responsibility & Ethics in Wash.*, 2006 U.S. Dist. LEXIS 34857 at *8 (citing *Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994); *Judicial Watch Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000); *Public Citizen Health Research Group v. FDA*, 997 F. Supp. 56, 72-73 (D.D.C. 1998)). "However, discovery is not to be granted for the purpose of hoping to fall upon something that might impugn the affidavits submitted by the government." *Bangoura v. United States Dep't of the Army*, 2006 U.S. Dist. LEXIS 93149, *11 (D.D.C. 2006) (internal quotation marks and citation omitted).

With these principles in mind, the Court turns to the discovery dispute at issue. In its complaint, CREW challenges "the failure of the United States Secret Service . . . to fulfill [its FOIA] request," as well as "the policy of the Secret Service to erase federal records . . . once it has transferred the information on those records to the White House." Compl. ¶ 1. CREW also "challeng[es] the failure of the Archivist [of the United States] to take enforcement action to prevent the [Department of Homeland Security] from unlawfully destroying agency records." *Id*. at ¶ 1. In addition to requiring the Secret Service to respond to its FOIA request, CREW seeks declaratory

relief that "the [Department of Homeland Security's] record-keeping guidelines and directives are arbitrary . . . and contrary to the [Federal Records Act]," and "injunctive relief requiring the Archivist to fulfill his mandatory statutory duty . . . to ensure . . . [compliance with] the FRA." *Id.* at ¶ 2. It is the Defendants' position, meanwhile, that the records CREW seeks are Presidential and Vice-Presidential records that are not "agency records" subject to either the Freedom of Information Act, 5 U.S.C. § 552(a), or the Federal Records Act, 44 U.S.C. § 3301. Defendant maintains that it "intend[s] to file, very shortly, a motion for summary judgment on all of [CREW's] claims." Defs.' Mot. at 4. "The motion will," Defendants explain, "establish that records . . . sought here are . . . not subject to the FOIA . . ." *Id*.

Because Defendants have yet to file their motion for summary judgment, despite repeated assurances to CREW and the Court[3] that it was "shortly" going to be filed, discovery is premature at this stage of the litigation. As this court has noted in the past, "[i]n the exceptional situation where the court permits discovery in a FOIA action, the discovery should only occur *after* the government has moved for summary judgment and submitted its supporting affidavits and memorandum of law." *Taylor v. Blakey*, 2004 U.S. Dist. LEXIS 29281, *6-7 (D.D.C. 2004). *See also Miscavige v. Internal Revenue Service*, 2 F.3d 366, 369 (11th Cir. 1993) (holding plaintiff's attempt to "take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable [FOIA] exemptions"); *Krieger v. Fadely*, 199 F.R.D. 10, 14 (D.D.C. 2001) (noting that in "FOIA cases, discovery is greatly restricted and should ordinarily occur after the government moves for summary judgment.") (footnote omitted).

---

[3] *See, e.g.*, Defs.' Memorandum Of Points And Authorities In Opposition To Plaintiff's Request For Rule 26(f) Conference (February 8, 2007) ("Defendants intend to file their motion for summary judgment on plaintiff's FOIA claims shortly.").

This is because "a factual issue that is properly the subject of discovery can arise only after the government files its affidavits and supporting memorandum of law." *Murphy v. Federal Bureau of Investigation*, 490 F. Supp. 1134, 1137 (D.D.C. 1980). One "rationale for waiting for the government's motion and supporting documents is that, prior to receiving these materials, the court has insufficient information to determine the applicability of the FOIA exemption at issue." *Taylor*, 2004 U.S. Dist. LEXIS 29281 at *7 (citing *Miscavige*, 2 F.3d at 369; *Founding Church of Scientology of Washington, D.C. Inc. v. United States Marshals Service*, 516 F. Supp. 151, 156 (D.D.C. 1980) (denying a FOIA discovery request and holding that the court will postpone consideration of discovery until the defendant files its motion to dismiss or for summary judgment)).

In this case, there is a question as to whether the records CREW is seeking are in fact "agency records" subject to FOIA. This is a legal question that will ultimately be determined by the Court. As part of this determination, the Court will need to address whether Defendants exercise "control" over these records. *See Tax Analysts v. United States Dep't of Justice*, 269 U.S. App. D.C. 315, 323, 845 F.2d 1060, 1068 (D.C. Cir. 1988). To properly resolve this question, however, the Court will need to examine a number of factors, including: the intent of the document's creator to retain control over the records, the ability of the agency to use and dispose of the record as it sees fit, the extent to which agency personnel have read or relied upon the document, and the degree to which the document was integrated into the agency's record system. 269 U.S. App. D.C. at 324, 845 F.2d at 1069 (citation omitted). This is a fact-intensive inquiry. It therefore seems judicious to allow the Defendants, who know the most about these records and how they are created and maintained, to present their motion for summary judgment, including any relevant affidavits, to explain why the

records are not subject to FOIA.[4] Both CREW and the Court will then be given a factual record from which to work. *See Bureau of Nat'l Affairs, Inc. v. IRS*, 24 F. Supp. 2d 90, 92 (D.D.C. 1998) (noting that "[i]n a given case, it might be the most appropriate exercise of [the Court's] discretion to postpone discovery until the agency has filed its . . . motion for summary judgment"). If appropriate, CREW may then move for discovery.[5] *See Citizens for Responsibility & Ethics in Wash.*, 2006 U.S. Dist. LEXIS 34857 at *8.

## CONCLUSION

Accordingly, and based on the foregoing discussion, it is hereby

**ORDERED** that Defendants' Emergency Motion For Protective Order And To Quash Deposition Subpoena [24] is **GRANTED**; it is further

**ORDERED** that Plaintiff's subpoena for the deposition of Wallace R. Keefe, Jr., is **QUASHED**; it is further

**ORDERED** that no discovery shall occur until further order of the Court. CREW may seek leave of the Court for discovery, if appropriate, once Defendants have filed their motion for summary judgment; and it is further

**ORDERED** that the parties comply with the following dispositve motions schedule:

    1.    Defendants shall file their motion for summary judgment on or before May

---

[4] Defendants state that they "expect to be able to file their motion [for summary judgment] by Friday, May 25, 2007, if not earlier." Defs.' Reply Br. at 5.

[5] *See, e.g.*, *Bangoura*, *supra*, 2006 U.S. Dist. LEXIS 93149 at *1 (granting, in FOIA action, plaintiff's motion to stay summary judgment under Rule 56 pending leave to seek discovery).

       25, 2007.[6]

    2.     Plaintiff shall file an opposition, if any, on or before June 25, 2007.

    3.     Defendants shall file their reply brief in support of the motion for summary judgment, if any, on or before July 16, 2007.

**SO ORDERED.**

**DATE: May 18, 2007**                                                **JOHN GARRETT PENN**
                                                                                 **United States District Judge**

---

[6] In view of the Defendants' delay in filing the motion for summary judgment, the Court is not inclined to grant any extensions of this deadline.