UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, )<br><br>Plaintiff, )<br><br>v. )<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al. )<br><br>Defendants. ) | Civil No. 06-1912 (RCL) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME**

Eleven days after plaintiff filed a motion for summary judgment as to Claims Three and Four in this action, defendants filed a motion for a stay of proceedings or alternatively, requested a 15-day extension -- to run after any denial of their stay motion -- to respond to plaintiff's motion. As set forth below, defendants' motion should be denied.

First, with the end of this administration fast approaching, time is of the essence. Through this lawsuit plaintiff seeks, in part, to enforce defendants' record-keeping obligations under the Federal Records Act ("FRA"). Defendants for their part argue that the FRA does not apply and that, instead, any record-keeping obligations with respect to the White House visitor records are imposed by the Presidential Records Act ("PRA").

This distinction is not a mere formality; if the visitor records are treated as presidential records under the PRA, plaintiff and the public have no recourse to prevent defendants from further implementing their unlawful records destruction policies and practices. Moreover, the PRA mandates that the presidential records of an administration be transferred to the custody and

control of the National Archives and Records Administration ("NARA") immediately at the end of the president's term of office. 44 U.S.C. § 2203(f)(1). The archivist is given "responsibility for the custody, control, and preservation of, and access to, the Presidential records of th[e former] President." Id. Once at NARA, presidential records are not available to public access for at least five years. 44 U.S.C. § 2204(a)(2)(A). By contrast, federal records of continuing or permanent value remain with an agency until they are scheduled for transfer to the legal custody of NARA. 36 C.F.R. § 1228.24(a).

In short, absent a prompt resolution of CREW's claims under the FRA, CREW will be at risk of losing any benefit of a favorable ruling on the merits. Indeed, the urgency of the situation is why CREW did not oppose defendants' motion to stay the Court's ruling on the Freedom of Information Act claims in exchange for defendants' promise to seek expedition of their appeal. If defendants' latest stay motion is granted, both plaintiff and the public will be harmed because here "justice delayed is justice denied" given that "the next several months" are the most critical period of time. Center for Internat'l Environmental Law v. Office of the U.S. Trade Representative, 240 F.Supp.2d 21, 23 (D.D.C. 2003) (quotation omitted).

Second, responding to plaintiff's motion will impose little burden on the defendants, whose counsel have filed multiple briefs in cases raising FRA claims. See, e.g., CREW v. Executive Office of the President, Civil No. 07-1577 (HKK) (defendants' motion to dismiss FRA claims pending); CREW v. Dep't of Homeland Security, Civil No. 06-883 (RCL) (defendants' motion to dismiss FRA claims granted). The only justification defendants offer for their motion is that they seek to avoid "wasted" effort if the Court of Appeals decides the pending agency records issue in their favor. The slight burden on defendants in responding to

plaintiff's motion is more than justified by the significant harm plaintiff will suffer by a further delay in the resolution of this issue. This is why plaintiff also opposes defendants' alternative last-minute request for a 15-day extension to respond to plaintiff's motion for summary judgment.

Finally, this litigation has been marked by defendants' repeated efforts to stave off litigation on the merits and defendants' latest stay motion seems to be part of that effort. For example, in January 2007 defendants claimed an intent to file a motion for summary judgment in lieu of an answer,[1] a claim they repeated for months thereafter. Yet defendants did not file such a motion until May 25, 2007, and only after the Court ordered them to do so by Order dated May 18, 2007 (Document 28). Now defendants seek to prevent consideration of plaintiff's FRA claims "pending resolution of defendants' ongoing appeal." Defendants' Motion for Stay of Proceedings at p. 3. Putting aside the question of whether defendants are seeking a stay until they have exhausted all avenues of appellate review (which is not at all clear from their motion), the months of delay attendant in such a request make it likely that any resolution of the FRA claims by this Court will occur after this administration has left office. This alone is grounds for denying defendants' latest effort to postpone consideration of the merits of plaintiff's FRA claims.

## CONCLUSION

For the foregoing reasons, the Court should deny defendants' motion for a stay of proceedings as well as defendants' alternative motion for a 15-day extension of time to respond

---

[1] See, e.g., Defendants' Motion for Extension of Time (Document 5) filed on January 8, 2007.

to plaintiff's motion for summary judgment.

                                        Respectfully submitted,

                                        __*/s/ Anne L. Weismann*___
                                        Anne L. Weismann
                                        (D.C. Bar No. 298190)
                                        Melanie Sloan
                                        (D.C. Bar No. 434584)
                                        Citizens for Responsibility and Ethics
                                          in Washington
                                        1400 Eye Street, N.W., Suite 450
                                        Washington, D.C.  20005
                                        Telephone:  (202) 408-5565
                                        Fax:  (202) 588-5020
                                        Attorneys for Plaintiff

February 11, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND )
ETHICS IN WASHINGTON, )
   )
        Plaintiff, )
   )
        v. )      Civil No. 06-1912 (RCL)
   )
U.S. DEPARTMENT OF HOMELAND )
SECURITY, et al. )
   )
        Defendants. )

### [PROPOSED] ORDER

The Court having considered defendants' motion for a stay of proceedings on plaintiff's motion for summary judgment or alternative motion for a 15-day extension of time to respond to plaintiff's motion, plaintiff's opposition and the entire record herein, it is hereby ORDERED that defendants' motion is DENIED and defendants are further ORDERED to file their opposition to plaintiff's motion for summary judgment within one day of the date of this order.

Dated: _____       _____
                                                                           ROYCE C. LAMBERTH
                                                                           United States District Judge