UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>1:06-cv-01912-RCL |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR, ALTERNATIVELY, FOR EXTENSION OF TIME

The outcome of the pending appeal on plaintiff's claims under the Freedom of Information Act may dictate the resolution of plaintiff's claims under the Federal Records Act ("FRA"). That appeal, in fact, is on an expedited briefing schedule. Under these circumstances, a stay of proceedings on the FRA claims in this Court would best serve judicial economy and efficiency. See Al-Anazi v. Bush, 370 F. Supp. 2d 188, 199 (D.D.C. 2005) (ordering stay of district court proceedings pending appeal, "[i]n the interest of judicial economy and avoiding unnecessary litigation"); Armstrong v. Executive Office of the President, 829 F. Supp. 1, 2 (D.D.C. 1993) ("[T]he Court concludes that the Defendants' Motion for Summary Judgment on the FOIA concerning electronic materials is intertwined with the issues currently before our Court of Appeals. As the appeal is on an expedited schedule, the Court concludes that it is in the interest of justice and judicial economy to stay any ruling on this Motion until the appeal is decided.").

Plaintiff's opposition to defendants' motion to stay proceedings ignores certain highly pertinent facts in the record of this case. Plaintiff argues that its FRA claims must be resolved before the end of the current Administration to prevent defendants from destroying visitor records and from transferring such records to the National Archives and Records Administration ("NARA") under the Presidential Records Act ("PRA"), where they would, plaintiff contends, "not [be] available to public access for at least five years."[1] This argument fails to acknowledge, however, that the Secret Service has been retaining, and continues to retain, a copy or copies of the Worker and Visitor Entrance System ("WAVES") records and the Access Control Records System ("ACR") records that it transfers to the White House.[2] Moreover, with respect to visitor records responsive to plaintiff's FOIA request, the Secret Service has stated that it "will not, during the pendency of this litigation, transfer any potentially responsive records to any other entity . . . without first creating and retaining a copy of such record, or otherwise preserving the record."[3] This Court's Order of February 16, 2007, requires, further, that defendants notify the Court of any impending change in this practice regarding potentially responsive records (docket #16). Thus, the Secret Service is not, in fact, "implementing" a policy of destroying its copies of

---

[1] Plaintiff's Opposition to Defendant's [sic] Motion for Stay of Proceedings on Plaintiff's Motion for Summary Judgment, or, Alternatively, for an Extension of Time at 1-2 (docket #53) [hereinafter Pl's Opp.].

[2] See Third Declaration of Paul S. Morrissey, Deputy Assistant Director, United States Secret Service ¶¶ 19, 22 (May 23, 2007) (docket #29).

[3] See Second Declaration of Paul S. Morrissey, Deputy Assistant Director, United States Secret Service ¶ 5 (Mar. 5, 2007) (docket #21); cf. Fourth Declaration of Paul S. Morrissey, Deputy Assistant Director, United States Secret Service ¶¶ 3-6 (June 22, 2007) (docket #34).

the subject records after transfer to the White House, and no immediate resolution of plaintiff's FRA claims is needed to "prevent" the "further" implementation of such policy.[4]

Plaintiff's opposition to a stay also understates the burden of responding to its motion for summary judgment on the FRA claims. Although plaintiff has pled claims under the FRA in two other recent cases, neither of those cases involves the same claims or issues presented here. In CREW v. Executive Office of the President, Civil No. 07-1707 (HHK),[5] plaintiff seeks to require the EOP, NARA, and the Archivist, as well as the White House Office of Administration and its Director, to recover and preserve certain e-mail communications sent through the EOP e-mail system. Plaintiff requests an order requiring defendants to restore deleted e-mails from back-up tapes, to preserve separately e-mails that constitute federal records and e-mails that constitute presidential records, and to develop and implement a system to prevent the loss of e-mail records. Similarly, although CREW v. Department of Homeland Security, Civil No. 06-883 (RCL), involves White House Complex visitor records, it does not include any claim against the Archivist. Furthermore, aside from the merits of the differing FRA claims and issues presented in these cases, the contours of any non-merits defenses — such as standing — will differ depending on the facts presented in each case.

Accordingly, proceedings on plaintiff's motion for summary judgment on the FRA claims should be stayed pending resolution of defendants' appeal. Or, alternatively, if the Court were to

---

[4] See Pl's Opp. at 1.

[5] The civil action number cited in plaintiff's opposition for CREW v. Executive Office of the President — Civil No. 07-1577 — is actually the number for the consolidated case of National Security Archive v. Executive Office of the President. See Pl's Opp. at 2.

3

deny defendants' motion for stay, their deadline to respond to the motion for summary judgment should be extended until 15 days after the order on the motion for stay.

Dated: February 14, 2008

    Respectfully submitted,

    JEFFREY S. BUCHOLTZ
    Acting Assistant Attorney General

    CARL J. NICHOLS
    Deputy Assistant Attorney General

    JEFFREY A. TAYLOR
    United States Attorney

    ELIZABETH J. SHAPIRO, D.C. Bar 418925
    Assistant Director

    /s/ W. Scott Simpson
    _____
    W. SCOTT SIMPSON, Va. Bar 27487
    Senior Trial Counsel

    Attorneys, Department of Justice
    Civil Division, Room 7210
    Post Office Box 883
    Washington, D.C. 20044
    Telephone: (202) 514-3495
    Facsimile: (202) 616-8470
    E-mail: scott.simpson@usdoj.gov

    COUNSEL FOR DEFENDANTS